DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Dan Julian ("Dan"), appeals from the judgment in the Summit County Court of Common Pleas, Domestic Relations Division, that modified his child support obligation owed to Appellee, Sally Julian ("Sally"). We reverse.
 I. {¶ 2} On August 18, 1992, Dan and Sally petitioned the trial court for a dissolution of marriage. Thereafter, the trial court entered a decree of dissolution, and ordered Dan to pay child support to Sally. Additionally, a shared parenting plan was incorporated into the decree of dissolution; an amended shared parenting plan was later adopted by the trial court. Subsequently, on September 9, 2002, the Summit County Child Support Enforcement Agency ("SCCSEA") conducted an administrative hearing in accordance with R.C. 3119.63. Following the hearing, the SCCSEA determined Dan's current child support obligation equaled "$718.74 per month, for two children, plus the 2% processing charge[,]" and it recommended modifying Dan's child support obligation to "$229.69 per month, for two children, plus the 2% processing charge * * * per month, plus $45.93 for past support for a total of $280.22 per month[.]" Sally moved the trial court to review the alleged mistakes of fact in the recommendations made by the SCCSEA. The issue was referred to a magistrate. The magistrate increased Dan's monthly child support obligation to "$579.69 per month plus a 2% processing fee," an upward deviation of $350.00. Dan objected to the magistrate's proposed decision. The trial court overruled Dan's objections and ordered an upward deviation of $350.00, and his child support obligation amounted to "$579.69 per month, plus a 2% processing charge[.]" It is from this judgment that Dan appeals and asserts four assignments of error for review. We will solely address the first assignment of error, as it is dispositive of this appeal.
 II. A. First Assignment of Error
"The trial court abused its discretion to the prejudice of [dan] in ordering an upward child support deviation of $350.00 per month."
 {¶ 3} In his first assignment of error, Dan contends that the trial court erred when it modified his monthly child support obligation. Specifically, Dan contends that the trial court's judgment, which resulted in an upward deviation of $350.00 per month, constituted an abuse of discretion. We agree with Dan's contention.
 {¶ 4} A trial court possesses broad discretion in its determination regarding a modification of child support obligations. Pauly v. Pauly (1997), 80 Ohio St.3d 386, 390, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144. Accordingly, an appellate court will not disturb such determinations absent an abuse of discretion. Pauly,80 Ohio St.3d at 390, citing Booth, 44 Ohio St.3d at 144. An abuse of discretion suggests more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med.Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 5} When modifying an existing child support order, the trial court must complete a child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C. 3119.79(A). If the recalculated amount is more than ten percent less or greater than the amount previously required as child support, it is considered a change in circumstances substantial enough to require modification of the child support amount. Id.
 {¶ 6} The basic child support schedule is codified at R.C.3119.021; the schedule reveals the child support obligation, based upon the combined gross income of the parents. R.C.3119.022 outlines the content and form for the child support computation worksheet applicable to situations where one parent is the residential parent or where the parties have shared parenting. The amount of child support calculated pursuant to the basic child support schedule and applicable worksheet is "rebuttably presumed" to the correct amount of child support due. R.C. 3119.03. Despite this presumption, the trial court may order child support in an amount that deviates from the calculation obtained from the schedule and worksheet. R.C. 3119.24(A)(1). See, also, R.C. 3119.22. The deviation is permitted if the trial court determines that the "amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in [R.C. 3119.23.]" R.C. 3119.24(A)(1). "`Extraordinary circumstances of the parents'" include:
"(1) The amount of time the children spend with each parent;
"(2) The ability of each parent to maintain adequate housing for the children;
"(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant;
"(4) Any other circumstances the court considers relevant." R.C. 3119.24(B).
 {¶ 7} R.C. 3119.23 provides a list of the statutory criteria a trial court may consider when determining whether to deviate from the child support schedule. This section provides:
"(A) Special and unusual needs of the children;
"(B) Extraordinary obligations for minor children or obligations for handicapped children who are not stepchildren and who are not offspring from the marriage or relationship that is the basis of the immediate child support determination;
"(C) Other court-ordered payments;
"(D) Extended parenting time or extraordinary costs associated with parenting time, provided that [R.C. 3119.23] does not authorize and shall not be construed as authorizing any deviation from the schedule and the applicable worksheet, through the line establishing the actual annual obligation, or any escrowing, impoundment, or withholding of child support because of a denial of or interference with a right of parenting time granted by court order;
"(E) The obligor obtaining additional employment after a child support order is issued in order to support a second family;
"(F) The financial resources and the earning ability of the child;
"(G) Disparity in income between parties or households;
"(H) Benefits that either parent receives from remarriage or sharing living expenses with another person;
"(I) The amount of federal, state, and local taxes actually paid or estimated to be paid by a parent or both of the parents;
"(J) Significant in-kind contributions from a parent, including, but not limited to, direct payment for lessons, sports equipment, schooling, or clothing;
"(K) The relative financial resources, other assets and resources, and needs of each parent;
"(L) The standard of living and circumstances of each parent and the standard of living the child would have enjoyed had the marriage continued or had the parents been married;
"(M) The physical and emotional condition and needs of the child;
"(N) The need and capacity of the child for an education and the educational opportunities that would have been available to the child had the circumstances requiring a court order for support not arisen;
"(O) The responsibility of each parent for the support of others;
"(P) Any other relevant factor." R.C. 3119.23.
 {¶ 8} In the present case, the record reveals that Dan's current monthly child support obligation is $718.74, and his recalculated obligation, according to the child support worksheet, is $229.69 per month. The recalculated monthly child support obligation is more than ten percent less than the amount previously required; accordingly, a change in circumstances exists, thereby warranting a modification of Dan's child support obligation. See R.C. 3119.79.
 {¶ 9} Although the trial court properly determined that a modification was warranted, it erroneously determined that an upward deviation of $350.00 was proper, for the reasons that follow.
 {¶ 10} In this case, the trial court recalculated Dan's child support obligation, and concluded that the amount of child support derived from the child support worksheet yielded an unjust and inappropriate figure, and that this figure was not in the best interest of the children. To support its conclusion, the trial court solely relied on the fact that Dan received benefits from his remarriage. See R.C. 3119.23(H). Particularly, the trial court noted, "[Dan's] wife pays their house payment and she pays for nearly all, if not all, of [Dan's] living expenses such as food, clothing, [and] utility bills. Conservatively, [Dan] is saving at least $350.00 per month as his share of such expenses." There is nothing in the record to support the trial court's determination that Dan "is saving at least $350.00 per month as his share of [the] expenses." Accordingly, it appears that the trial court assigned that value to Dan's share of the expenses in an effort to justify its decision to deviate from the child support worksheet figure by $350.00. Furthermore, although we agree that the trial court may consider the benefits Dan receives as a result of his remarriage, there is nothing in the record that indicates that the trial court considered any other factor enumerated in R.C. 3119.23 or any extraordinary circumstance of the parents to support its deviation.
 {¶ 11} We additionally find that, according to the child support worksheet used to recalculate Dan's child support obligation, Dan earns $10,497.76. As such, his recalculated child support obligation equals nearly 68% of his earnings; therefore, the remaining funds Dan will retain yearly following payment of his child support obligation equals approximately $3,360.00. While we are cognizant that a parent's first responsibility is to adequately support his or her children, that parent also incurs other expenses that are necessary and reasonable for living. As such, the trial court's decision to increase Dan's child support obligation so as to leave him merely $3,360.00 per year greatly inhibits his ability to cover the costs of basic living.
 {¶ 12} Although there is no bright-line test for determining the amount of a support deviation, we conclude that, based on the facts of this case, the trial court acted unreasonably, arbitrarily, and unconscionably when it deviated from the child support worksheet. See Walker v. Walker, 5th Dist. No. 02CAF04019, 2002-Ohio-5293, at ¶ 29; Blakemore,5 Ohio St.3d at 219. Therefore, the trial court abused its discretion. SeePauly, 80 Ohio St.3d at 390; Booth, 44 Ohio St.3d at 144. Accordingly, Dan's first assignment of error is sustained.
 B. Second Assignment of Error
"The judgment of the trial court is [sic.] in making an upward deviation of child support was against the manifest weight of the evidence."
 Third Assignment of Error
"The trial court erred to the prejudice of [dan] in that it failed to consider extraordinary circumstances of the parents."
 Fourth Assignment of Error
"The trial court erred to the prejudice of [dan] in not considering the other factors contained in [R.C.] 3119.23."
 {¶ 13} In light of our disposition in assignment of error one, we need not address these assignments of error, as they are now rendered moot. See App.R. 12(A)(1)(c).
 III. {¶ 14} Dan's first assignment of error is sustained, and his second, third, and fourth assignments of error are not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed, and cause remanded for proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
Whitmore, J. concurs