DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Christopher J. Farmer has appealed from a decision of the Medina County Court of Common Pleas, Domestic Relations Division, that granted Defendant-Appellee Joann E. Farmer's motion to modify child support. This Court reverses.
 I {¶ 2} Appellant Christopher J. Farmer and Appellee Joann E. Farmer were married in Medina, Ohio, on October 6, 1993. Two children were born as issue of the marriage, to wit: Ashley and Brandon. Appellant filed for divorce on September 28, 1998. The divorce was granted on August 10, 2001, and Appellant was designated as residential parent of the parties' minor children. Pursuant to the divorce decree, Appellee was ordered to pay Appellant $151.66 per month per child, plus a monthly processing fee.
 {¶ 3} Before the divorce was granted, both parties filed motions regarding Appellee's child support obligation. On April 24, 2001, Appellant filed a motion to show cause, wherein he moved the court for an order requiring Appellee to show cause why she should not be held in contempt for her failure to pay court ordered child support as well as her portion of the unreimbursed medical expenses. A hearing on Appellant's motion was held on July 23, 2001, and in a journal entry dated February 5, 2002, the trial court addressed Appellant's motion. The trial court found that Appellee was voluntarily unemployed. The trial court found that she was in contempt for her failure to pay child support as previously ordered and ordered her to serve fifteen days in the county jail. Appellee was offered the chance to purge herself of contempt by paying her child support obligation of $140.86 per month per child[1] for a period of three months.
 {¶ 4} The second motion, a motion to modify child support, was filed by Appellee on July 20, 2001. In the motion, she requested a modification of her current child support obligation because she was "presently unemployed due to the fact that she has an infant at home to care for[.]" Hearings were held on February 28, 2002, and March 13, 2002. In a journal entry dated April 23, 2002, the magistrate addressed Appellee's motion to modify her child support payment. In the order, the magistrate found that Appellee was voluntarily unemployed. Appellee claimed that because she had become voluntarily unemployed, she began watching the parties' children before and after school and she should receive a reduction in her monthly child support payments. The magistrate noted Appellee was in arrears with her payments. The magistrate found that the value of Appellee's in-kind daycare services to her children exceeded the amount Appellant would pay a month for daycare for the children. The magistrate further concluded that Appellant reaped a direct economic benefit from Appellee's services to their children. The magistrate concluded there should be a deviation in Appellee's child support obligation and ordered that her entire payment amount be eliminated effective July 20, 2001.
 {¶ 5} On May 3, 2002, Appellant timely filed objections to the magistrate's April 23, 2002 decision. The parties subsequently agreed to submit their arguments to the court in written form. On December 6, 2002, the trial court affirmed the magistrate's decision to eliminate Appellee's child support payment obligation. Appellant appealed the trial court's decision to this Court on January 6, 2003. See Farmer v. Farmer, 9th Dist. No. 03CA0001-M, 2003-Ohio-4385. In his appeal, Appellant argued that the trial court erred in: 1) finding there was a change of circumstances sufficient to justify a recalculation of Appellee's child support obligation; and 2) eliminating Appellee's child support obligation by providing a dollar-for-dollar deviation for watching her own children rather than having the children attend daycare.
 {¶ 6} In a decision dated August 20, 2003, this Court reversed and remanded the matter to the trial court. This Court found that because the trial court failed to complete a child support worksheet in accordance with DePalmo v. DePalmo (1997),78 Ohio St.3d 535, 538, the trial court committed reversible error when it deviated from the original child support order.Farmer, 2003-Ohio-4385, at ¶ 10. This Court explained that "the trial court erred in deciding to eliminate [A]ppellee's child support obligation without completing the mandatory computation worksheet." Id.
 {¶ 7} On remand, the trial court completed a new child support worksheet pursuant to the prior decision of this Court. The trial court, in a judgment entry dated September 3, 2003, terminated Appellee's child support obligation after it found that "[t]he circumstances had in fact changed, however, insofar that (a) [Appellant] was no longer paying child care commercially ($1,400 per year, as set forth within the worksheet), (b) [Appellee] was providing the same gratis, (c) the parties' children were thereby receiving the benefit of seeing both their mother and father on a more frequent and regular basis." The trial court then "reaffirm[ed] its order of December 6, 2002, but with the adoption of the child support computation worksheet the Magistrate properly deviated." Consequently, Appellee's child support obligation was eliminated. It is from the trial court's September 3, 2003 order that Appellant has appealed, asserting two assignments of error. We have consolidated his assignments of error to facilitate review.
 II Assignment of Error Number One
"The trial court erred as a matter of law in finding that there was a change of circumstances sufficient to justify a recalculation of appellee's child support obligation."
 Assignment of Error Number Two
"The trial court erred as a matter of law in eliminating appellee's child support obligation by providing a dollar-for-dollar deviation for watching her own children instead of sending them to a day care provider."
 {¶ 8} In Appellant's first and second assignments of error, he has argued that the trial court erred in finding that there was a change in circumstances, which warranted a modification of Appellee's child support obligation. This Court agrees.
 {¶ 9} It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion. Booth v. Booth (1989),44 Ohio St.3d 142, 144. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 10} When modifying an existing child support order, a trial court must find that a change of circumstances has occurred. In doing so, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C.3119.79(A); Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 5. If the recalculated amount is more than ten percent less or greater than the amount previously required as child support, it is considered a change in circumstances substantial enough to require modification of the child support amount. R.C. 3119.79(A); Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720, at ¶ 12. "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." Thompson v. Boivin, 1st Dist. No. C-010697, 2004-Ohio-4628, at ¶ 16. Thus, the statutory ten percent test is to be applied to the current child support order. Fox v. Fox, 3rd Dist. No. 5-03-42, 2004-Ohio-3344, at ¶ 15.
 {¶ 11} The Ohio Supreme Court has also held that "[t]he ten percent difference applies to the change in the amount of childsupport, not to the change in circumstances of the parents." (Emphasis sic.) DePalmo, 78 Ohio St.3d at 540. That is, "[t]he statute does not require the change in income of the parties to be more than ten percent; rather, the statute requires the amount of child support as calculated according to the worksheet to change by more than ten percent." Clifton v. Clifton (Nov. 20, 2000), 5th Dist. No. 2000CA00139, 2000 Ohio App. LEXIS 5439, at *5.
 {¶ 12} Further, in determining the recalculated support amount, the trial court may consider the factors listed in R.C.3119.79(B), such as the court-ordered cost of health insurance. The trial court must also apply the standards set forth inMarker v. Grimm (1992), 65 Ohio St.3d 139, when modifying a preexisting child support order. DePalmo, 78 Ohio St.3d at paragraph two of the syllabus. Once the trial court has concluded that a ten percent change has occurred, "the deviation from the recalculated amount that would be required to be paid under the schedule and the applicable worksheet shall be considered by the court as a change of circumstance substantial enough to require a modification of the child support amount." R.C. 3119.79(A). In accordance with R.C. 3119.79(A), a difference of ten percent from the amount of the current child support order constitutes a "change of circumstance" that requires the court to modify the child support order. See Fox, 2004-Ohio-3344, at ¶ 13. If the court finds that there is a substantial "change of circumstances" after recalculating the amount of child support in accordance with R.C. 3119.021-3119.022, then the court shall require support in the amount set by the guidelines unless that amount would be unjust or inappropriate and not in the best interests of the child. R.C. 3119.79(C).
 {¶ 13} In the instant matter, Appellant has maintained that the trial court, after it was ordered to complete a new child support worksheet pursuant to Farmer, 2003-Ohio-4385, failed to compute a new worksheet and instead "simply adopted the exact same figures used by the trial court in its original order of support[.]" Appellant has argued that the trial court, by adopting the figures presented by the magistrate, did not comply with our prior decision and the dictates of DePalmo. Appellant has further argued that there was no change of circumstances because:
"His income was the same. Appellee's income and circumstances were the same. Appellee was a stay at home mom during every other hearing presented in this matter over three years. She didn't work then and she doesn't work now. * * * The only difference was that the children were no longer going to latchkey day care, a fact which equated to a $600 annual savings for the parties and does not create a ten percent deviation."
 {¶ 14} In reviewing Appellee's motion to modify child support, the trial court had to determine whether there was a change of circumstances as calculated at the time Appellee sought modification, or since the date of the last child support order. See Thompson, 2002-Ohio-4628, at ¶ 16. The record shows that Appellee filed her motion to modify child support on July 20, 2001. Prior to the date on which Appellee filed her motion for modification of child support, the magistrate issued an order on May 18, 2001 allocating parental rights and responsibilities. Although the magistrate found that Appellant was working at Newark Electronics for approximately seven months and earned $30,000 annually, the magistrate concluded that there was insufficient evidence to calculate a child support worksheet. As a result, the magistrate found "that the child support worksheet attached to the Magistrate's Decision filed November 15, 2000, should be used to establish [Appellee's] child support obligation."
 {¶ 15} The magistrate's May 18, 2001 order, with accompanying child support worksheet, was affirmed by the trial court on August 7, 2001. Thus, the last child support order provided that the "final figure" for Appellee's child support obligation was $3,639.88. The new child support worksheet attached to the trial court's September 3, 2003 decision is identical to the worksheet attached to the magistrate's May 18, 2001 order. The "final figure" listed on the September 3, 2003 worksheet provided that Appellee's child support obligation was also $3,639.88.
 {¶ 16} As previously discussed, a trial court can modify a preexisting child support order if the recalculated amount through the line establishing the actual obligation is more than ten percent less or greater than the amount previously required as child support. R.C. 3119.79(A). Here, it is obvious that the trial court did not apply the dictates of R.C. 3119.79(A) when it concluded that there was a change of circumstances warranting modification of Appellee's child support obligation. This Court has reviewed the child support worksheets and the worksheets belie the trial courts finding that a modification of Appellant's support obligation was warranted. The worksheets show that there was no change in amount through the line establishing the actual obligation for child support, let alone a ten percent change. In short, a change in circumstances had not occurred from the date of the last child support order and the date on which Appellant filed her motion to modify child support. Because Appellee failed the statutory ten percent test, we must necessarily conclude that the trial court abused its discretion when it granted Appellee's motion to modify child support, and terminated her support obligation. See R.C. 3119.79; Dressler v. Dressler, 12th Dist. No. CA2003-05-062, 2004-Ohio-2072, at ¶ 17.
 {¶ 17} This Court also finds it necessary to address Appellee's arguments regarding the trial court's authority to grant her motion to modify. Appellee, in her appellate brief, has argued that the trial court had the authority to modify her child support obligation pursuant to R.C. 3119.22. That statute provides, in pertinent part:
"The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in [R.C. 3119.23], the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.
"If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination." (Alterations sic.)
 {¶ 18} Pursuant to R.C. 3119.22, a court may deviate from the child support guidelines at its discretion, if, upon consideration of the statutory factors listed in R.C. 3119.23, it "determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet * * * would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. R.C. 3119.22 is inapplicable to the instant matter, however.
 {¶ 19} Before a trial court can apply R.C. 3119.22 when attempting to modify an existing child support order, it must first comply with the requirements set forth in R.C. 3119.79. SeeDePalmo, 78 Ohio St.3d at 539 (holding that the only test to determine whether a preexisting child support order should be modified is set forth in R.C. 3119.79). As previously explained, R.C. 3119.79(C) provides that a trial court has the authority to modify an existing child support order if it finds that the ten percent threshold has been satisfied. Pursuant to R.C.3119.79(C), a trial court can decline to modify the amount of child support to the recalculated amount if the trial court: 1) determines that the amount of the recalculated child support required to be paid under the new child support order pursuant to the basic child support schedule is unjust or inappropriate and not in the best interest of the child; and 2) enters "in the journal the figure, determination, and findings specified in [R.C. 3119.22]." R.C. 3119.79(C). See Fox, 2004-Ohio-3344, at ¶ 16. It is clear from the reading of the statute that R.C. 3119.22
only applies after the ten percent test has been satisfied and
when the trial court declines to modify the child support order to the recalculated amount.
 {¶ 20} In sum, our reading of R.C. 3119.79 indicates that the threshold test in modifying an existing child support order is the statutory ten percent test. R.C. 3119.79(A); DePalmo,78 Ohio St.3d at 539. Once the trial court finds that a ten percent change has occurred, the trial court, pursuant to R.C.3119.79(C), must modify the child support order in accordance with the new child support worksheet unless it finds that the recalculated amount of child support is unjust or inappropriate; the recalculated amount would not be in the best interest of the children; and certain findings have been made pursuant to R.C.3119.22. If this Court were to adopt Appellee's argument that a trial court can rely on R.C. 3119.22 in determining whether to modify a preexisting child support order, even when the trial court has failed to find that the statutory ten percent test has been satisfied, we would, in effect, render the statutory ten percent test a nullity. We believe that such a result is not what the Ohio legislature intended. Consequently, because Appellee failed the statutory ten percent test, we conclude that the trial court could not then apply R.C. 3119.22.
 {¶ 21} For the foregoing reasons, Appellant's first and second assignments of error are well taken.
 III {¶ 22} Appellant's first and second assignments of error are sustained. The judgment of the trial court is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
Batchelder, J. concurs.
[1] Appellant was initially ordered to pay $140.86 per month per child in temporary child support. However, Appellee's child support obligation was modified when the parties were granted a divorce in August 2001; she was ordered to pay $151.66 per month per child. This Court notes that neither party appealed the child support obligation as issued in the final divorce decree. Thus Appellee's obligation to pay child support in the amount of $151.66 per month after August 10, 2001 (the date of the divorce), remains in effect and is not at issue in this appeal.