DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Michael Teiberis, appeals from the judgment entry of the Lorain County Court of Common Pleas, Domestic Relations Division, which adopted the Child Support Enforcement Agency's administrative recommendation that child support not be modified and further denied appellant's request for child support modification. This Court affirms.
 I. {¶ 2} The marriage of appellant and appellee, Christine Teiberis, terminated on October 13, 1999, pursuant to a decree for dissolution of marriage. Attached to the decree, and incorporated therein, was the parties' shared parenting plan, which addressed issues regarding the parties' three children born of the marriage. Pursuant to enumerated paragraph four of the shared parenting plan, appellant and appellee agreed that:
"Both parents shall be considered the residential parents of the children during those times that each is in possession of the children. Mother, CHRISTINE LYNN TEIBERIS, shall be considered residential parent for school enrollment purposes. This designation shall not be considered dispositive of any other allocation of parental rights and responsibilities either now or at any time in the future."
 {¶ 3} The shared parenting plan further provided that the children would reside with appellee at all times not specifically designated as time in residence with appellant. Under the terms of the agreement, the children were to spend approximately 25% of their time with appellant.
 {¶ 4} Pursuant to the shared parenting plan, appellant agreed to pay to appellee child support in the amount of $1,157.46, plus processing fee, per month. Appellant further agreed to pay to appellee additional child support in the amount of 7%, per minor child, of the gross amount of every bonus he received.
 {¶ 5} On or about September 12, 2002, Lorain County Child Support Enforcement Agency ("CSEA") noticed appellant regarding an administrative review regarding appellant's child support obligation. CSEA subsequently determined that no change in the amount of child support paid by appellant to appellee was warranted. On or about January 15, 2003, appellant filed an objection to the CSEA administrative review hearing in the trial court, and the matter was scheduled for hearing before the magistrate.
 {¶ 6} Appellant submitted a brief prior to hearing, asserting that he had no child support obligation under law; because he is named as a residential parent in the shared parenting plan. In the alternative, appellant requested a reduction in his child support obligation, so that he might be able to purchase a home. The matter proceeded to hearing on October 7, 2003.
 {¶ 7} On October 15, 2003, the magistrate denied appellant's request for a determination that he was not obligated to pay child support because of his designation as a residential parent, finding that R.C.3119.07 is applicable in cases where only one parent has been designated the residential parent, rather than both. In regard to that issue, the magistrate found that appellant "basically has the standard order of visitation" with the children. The magistrate further denied appellant's request for a deviation for housing expenses, finding that appellant had "ample income to acquire housing if he got his other expenses in order." The magistrate did order a reduction in appellant's child support obligation in the amount of $123.00 per month "[d]ue to the extended visitation and the costs associated therewith[.]" The magistrate made no attempt to reconcile that finding with his earlier finding that appellant enjoyed only the standard order of visitation with the children, rather than extended visitation.
 {¶ 8} Appellant filed objections to the magistrate's decision, again asserting that he, as a named residential parent, has no child support obligation pursuant to R.C. 3119.07(A). In the alternative, appellant argued that the magistrate erred by failing to consider statutory deviational factors to calculate and order a greater reduction in appellant's child support obligation. In particular, appellant argued that a downward deviation was warranted to allow him to secure independent adequate housing to accommodate the children.
 {¶ 9} Appellee also filed objections to the magistrate's decision, arguing that the magistrate erred by reducing appellant's child support obligation by any amount.
 {¶ 10} On March 29, 2004, the trial court ruled on the parties' objections. The trial court reversed the magistrate's decision in part, adopting CSEA's recommendation that there be no modification of appellant's child support obligation. The trial court found that the child support guidelines indicated less than a ten percent change in appellant's monthly child support obligation, that the guideline amount was just, appropriate and in the children's best interest, and that there was no change in circumstances warranting a modification of child support. Appellant timely appealed, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"The trial court erred when it failed to consider the statutory mandate of R.C. 3119.07(A) that presumes a residential parent does not have a support obligation thereby shifting the burden of proof to the party disputing the child support order."
 {¶ 11} Appellant argues that, as a designated residential parent pursuant to the parties' agreed shared parenting plan, there is the presumption that he has no obligation under law to pay child support to the other residential parent. Appellant further argues that the burden of proof lies with appellee to overcome such presumption. This Court need not address the merits of appellant's arguments, because appellant's arguments are barred by the doctrine of res judicata.
 {¶ 12} Appellee argues that appellant agreed to the original child support order contained in the parties' shared parenting plan under identical circumstances as those that currently exist. Appellant agreed to pay child support to appellee in the amount of $1157.46, plus processing fee, per month at the same time he agreed that the children would spend approximately 25% of their time with appellant. Appellant only disputed his obligation to pay any support upon CSEA's administrative review determination three years later that no modification of child support was warranted. Appellant failed to challenge his obligation to pay child support upon entry of the decree for dissolution of marriage, at which time his obligation was journalized.
 {¶ 13} The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. State v. Zhao, 9th Dist. No. 03CA008386, 2004-Ohio-3245, at ¶ 7, citing State v. Meek, 9th Dist. No. 03CA008315, 2004-Ohio-1981. Under the circumstances, appellant's challenge to his obligation to pay child support, notwithstanding his designation as a residential parent, is barred by the doctrine of res judicata. Accordingly, appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in finding that a change of circumstances was limited to a ten percent change and in failing to take into account the deviational factors set forth at R.C. 3119.23 and R.C. 3119.24."
 {¶ 14} Appellant argues that the trial court erred by failing to further consider any deviational factors regarding appellant's child support obligation after finding that there was less than a ten percent change in the child support order, as calculated pursuant to the basic child support schedule and applicable worksheet. This Court disagrees.
 {¶ 15} A trial court's decision regarding child support obligations will not be overturned absent a showing of an abuse of discretion. Boothv. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. An abuse of discretion demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency." Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Id.
 {¶ 16} R.C. 3119.79 addresses the recalculation of the amount of a child support obligation upon the request of a party. Before a trial court may modify an existing child support order, the court must first find that a change of circumstances has occurred after a recalculation of support based on the completion of a new child support worksheet. R.C.3119.79(A); Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 5. This Court has held that the threshold test for modifying an existing child support order pursuant to R.C. 3119.79 is the statutory ten percent test. Farmer v. Farmer, 9th Dist. No. 03CA0115-M, 2004-Ohio-4449, at ¶ 20. This Court reasoned that a consideration of deviational factors where the trial court failed to find that the statutory ten percent test had been satisfied "would, in effect, render the statutory ten percent test a nullity." Id.
 {¶ 17} In this case, the trial court reviewed the new child support computation worksheet prepared by CSEA at the administrative review hearing. The trial court agreed that there was a lower than ten percent change in the child support required to be paid pursuant to the existing child support order. Appellant does not dispute this finding. Under these circumstances, where the change in the amount of calculated child support was less than ten percent, the threshold test to modify child support was not met. Therefore, the trial court could not have found the requisite change in circumstances, which would allow it to then consider the statutory deviational factors for modification of the child support order. The trial court was, in fact, precluded from considering the deviational factors set forth in R.C. 3119.23 and 3119.24, where it first found a lower than ten percent change in the child support order. Therefore, this Court finds that the trial court did not abuse its discretion by failing to consider any statutory deviational factors, where it first found as a threshold matter that there was a lower than ten percent change in the child support order. Appellant's second assignment of error is overruled.
 III. {¶ 18} Appellant's two assignments of error are overruled. Accordingly, the order of the Lorain County Court of Common Pleas, Domestic Relations Division, adopting CSEA's recommendations and denying appellant's request for a modification of child support is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Exceptions.
Whitmore, P.J., Batchelder, J. Concur.