DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant Walter W. Bettinger, II has appealed the Final Judgment Entry of the Summit County Court of Common Pleas, Domestic Division, denying his motion to modify his child support obligation. This Court affirms.
 I {¶ 2} Defendant-Appellant Walter W. Bettinger, II ("Father") and Plaintiff-Appellee Laura G. Bettinger ("Mother") were married on June 19, 2002 and three children were born issue to the marriage. The parties divorced on December 13, 2000. The parties entered into a Separation Agreement and Shared Parenting Plan which was adjudged to be fair and equitable, and was incorporated into the judgment entry of divorce. Under the Separation Agreement, neither party was obligated to provide spousal support nor did the trial court maintain jurisdiction to modify the provisions pertaining to spousal support. The divorce decree provided that Father pay Mother $2,000 per month per child in child support. The court acknowledged this $6,000 per month obligation was a deviation from the child support guidelines, but determined it was in the best interests of the children.
 {¶ 3} On September 10, 2002, Father filed a post decree motion requesting, for purposes of this appeal, a downward modification of child support On September 10, 2003, Mother filed a motion to increase child support. A hearing was held concerning the matter on September 18 and 19, 2003 in the Summit County Court of Common Pleas, Domestic Relations Division.
 {¶ 4} The magistrate issued her decision on November 23, 2004. The magistrate denied Father's motion to modify his child support obligation and also denied Mother's motion to increase child support. Father submitted his objections to the magistrate's decision on December 3, 2004. Mother submitted her memorandum in opposition to Father's objections on February 3, 2005. On March 11, 2005, the trial court overruled Father's objections to the magistrate's decision denying him the requested downward modification of child support.
 {¶ 5} Father has appealed the trial court's decision, asserting one assignment of error.
 II
"THE TRIAL COURT ABUSED ITS DISCRETION DENYING FATHER'S MOTION TO MODIFY CHILD SUPPORT."
 {¶ 6} In his sole assignment of error, Father has argued that the trial court was arbitrary and unreasonable in denying his motion to modify his child support obligation. Specifically, Father has argued the trial court abused its discretion in four ways: 1) by failing to consider Mother's obligation to support the parties' children; 2) by failing to include the appreciation of Mother's Schwab account in the 2003 calculation of child support; 3) by failing to recognize that the current amount of child support is being used to support Mother, not the children; and 4) by failing to consider the 50/50 parenting schedule. We disagree.
 {¶ 7} "A decision regarding the modification of child support will not be disturbed absent an abuse of discretion by the trial court." Humistonv. Humiston, 9th Dist. No. 04CA0076-M, 2005-Ohio-4363, at ¶ 14, citingBooth v. Booth (1989), 44 Ohio St.3d 142, 144. An abuse of discretion suggests more than an error of law or judgment, but instead implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Absent an abuse of discretion, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd.
(1993), 66 Ohio St.3d 619, 621.
 {¶ 8} "When modifying an existing child support order, a trial court must find that a change of circumstances has occurred." Farmer v.Farmer, 9th Dist. No. 03CA0115-M, 2004-Ohio-4449, at ¶ 10. In order to determine whether or not a change of circumstances has occurred, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C. 3119.79(A); Farmer, supra; Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 5. A change of circumstances is found if the recalculated amount is more than ten percent less or greater than the amount previously required as child support. R.C. 3119.79(A); Farmer, at ¶ 10; Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720, at ¶ 12. "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." (Quotation omitted). Farmer at ¶ 10.
 {¶ 9} In situations in which the parents earn a combined income of more than $150,000, R.C. 3119.04(B) governs the modification of support obligations:
"If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, or the child support enforcement agency, with respect to an administrative child support order, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents." R.C.3119.04(B).
 {¶ 10} Courts are then required to calculate "a hypothetical child support amount that is equivalent to the amount an obligor would pay if
the couple had an aggregate gross income of $150,000 or more[.]" Zeitlerv. Zeitler, 9th Dist. No. 04CA008444, 2004-Ohio-5551, at ¶ 8. This figure serves the "intended purpose" of constituting the "minimum child support award." Id. at ¶ 9. When considering a combined income of more than $150,000, the court is bound by three requirements. First, the court must "set the child support amount based on the qualitative needs and standard of living of the children and parents." Id. at ¶ 8. Second, the court must ensure that the amount set is not less than the hypothetical amount previously calculated, unless awarding that amount would be unjust or inappropriate. Id. Finally, if the court determines that the hypothetical amount is unjust or inappropriate, it must journalize the justification for that decision. Id.
 {¶ 11} In the present case, the trial court performed the required calculations to determine whether a substantial change in circumstances had occurred. Finding a change in circumstances had occurred based on the incomes for 2002, the court next considered whether the recalculated annual support obligation of $21,001.85 was unjust and inappropriate, which the court did, utilizing the appropriate standard. "[W]hen the income of the parents is greater than $150,000 the appropriate standard for the amount of child support is that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued." (Citation omitted) Berthelot v. Berthelot,154 Ohio App.3d 101, 2003-Ohio-4519, at ¶ 24.
 {¶ 12} The trial court found the recalculated support obligation to be unjust and inappropriate because it constituted less than one-third of the amount Father had agreed to pay under the existing order. Because of the exceptionally high standard of living the parents and children maintained, the trial court found it against the children's best interest to modify Father's support obligation downward from $72,000 annually to just over $21,000 annually.
 {¶ 13} After careful review of the record and considering all of the arguments put forth by Father, this Court finds that trial court's determination that the recalculated support obligation was unjust and inappropriate was based on sound reasoning and did not constitute an abuse of discretion. Furthermore, we find that the trial court dutifully followed the statutory guidelines in reaching its decision, and that its conclusions are supported by the record. The record supports the fact that at the time of the divorce, Father agreed that $6,000 per month would adequately meet the children's needs and preserve their standard of living. The record supports that fact that while Father's income may have decreased, his standard of living has increased. The record supports that Father is financially able to maintain a child support obligation of $6,000 per month.
 {¶ 14} The trial court did not act unreasonably or arbitrarily in determining the appropriate child support obligation in this case. As such, the trial court did not err or abuse its discretion in denying Father's motion to modify his child support obligation.
 {¶ 15} Based on the foregoing, Father's sole assignment of error is without merit.
 III {¶ 16} Father's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment Affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J. Moore, J. concur.