DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, James Maguire, appeals from the decision of the Summit County Domestic Relations Court. This Court affirms.
 I. {¶ 2} Appellant, James Maguire ("Husband"), and Appellee, Beth Ann Maguire ("Wife"), were married on May 22, 1993. The parties have four minor children. The parties divorced on March 23, 2004. The divorce decree incorporated the settlement agreement the parties reached in court on January 7, 2004. A shared parenting plan was also incorporated into the decree. Pursuant to *Page 2 
the parties' agreement, Husband was ordered to pay $4000 per month in child support.
 {¶ 3} On January 25, 2005, Husband filed a post-divorce decree motion for reduction in child support. The magistrate held a hearing on Husband's motion on November 2, 2005. On February 3, 2006, the magistrate issued an order denying the motion for reduction. Husband timely filed objections to the magistrate's decision. On January 8, 2007, the trial court issued an order overruling Husband's objections.
 {¶ 4} Husband timely appealed that decision, raising two assignments of error for our review.
 II. ASSIGNMENT OF ERROR I
"THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR REDUCTION IN CHILD SUPPORT."
 {¶ 5} In Husband's first assignment of error, he contends that the trial court abused its discretion in denying his motion for reduction in child support. We disagree.
 {¶ 6} We review matters involving child support under the abuse of discretion standard. Keller v. Keller, 9th Dist. No. 04CA0084,2005-Ohio-3302, at ¶ 7. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore *Page 3 v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, this Court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621.
 {¶ 7} "When modifying an existing child support order, a trial court must find that a change of circumstances has occurred." Farmer v.Farmer, 9th Dist. No. 03CA0115-M, 2004-Ohio-4449, at ¶ 10. In order to determine whether or not a change of circumstances has occurred, the trial court must complete a new child support worksheet, recalculating the amount of support required based on the new figures. R.C.3119.79(A); Farmer, at ¶ 10; Julian v. Julian, 9th Dist. No. 21616,2004-Ohio-1430, at ¶ 5. A change of circumstances is found if the recalculated amount is more than ten percent less or greater than the amount previously required as child support. R.C. 3119.79(A);Farmer, at ¶ 10; Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720, at ¶ 12. "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." (Internal citations and quotation omitted). Farmer, supra, at ¶ 10.
 {¶ 8} In reviewing Husband's motion to modify, the magistrate computed the child support order using a combined income of $150,000.00. According to the magistrate's calculations, the child support obligation totaled $1,850.91 per *Page 4 
month. The magistrate determined that there was a ten percent difference from the existing order of $4,000 per month. The magistrate then performed a case by case analysis.
 {¶ 9} The magistrate found that the evidence presented at the hearing did not show that the children's needs had declined in any significant manner. The magistrate further held that there was no evidence presented "that the parties seriously misjudged the amount of support" required to maintain their children's standard of living. The magistrate similarly found no evidence that Husband was less able to pay the initial support order. In contrast, the magistrate found that Husband's income had actually increased since the order was imposed. The magistrate was not persuaded by evidence that Husband was no longer financially able to hire someone to help with the yard work and could not regularly purchase antiques. The magistrate found that the latter changes did not represent an "unfair or unreasonable change in [Husband's] standard of living[.]" Consequently, the magistrate found that these were not circumstances that necessitated a reduction in Husband's child support obligation.
 {¶ 10} The magistrate was also persuaded by evidence that, pursuant to the parties' January 2004 negotiated settlement, Husband agreed to pay $4000 per month in child support. The magistrate reasoned that Husband's agreement to pay this amount reflected his belief that this amount was reasonably necessary to cover the children's needs and maintain their standard of living. *Page 5 
 {¶ 11} On appeal, Husband contends that a reduction in his child support obligation is appropriate because his income has declined since the divorce. Notably, Husband has not asserted that he cannot afford the monthly child support payments. Further, he does not contend that his income has dropped below $150,000.
 {¶ 12} Here, once the magistrate determined that the parties' combined income exceeded $150,000, the magistrate conducted a case by case analysis pursuant to R.C. 3119.04(B), which provides, in pertinent part:
 "If the combined gross income of both parents is greater than one hundred fifty thousand dollars per year, the court, with respect to a court child support order, * * *, shall determine the amount of the obligor's child support obligation on a case-by-case basis and shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents."
This Court has held that when the income of the parents is greater than $150,000, the appropriate standard for the amount of child support is "`that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued.'"Berthelot v. Berthelot, 154 Ohio App.3d 101, 2003-Ohio-4519, at ¶ 24, quoting Birath v. Birath (1988), 53 Ohio App.3d 31, 37.
 {¶ 13} Husband argues that the children's needs could be met even with a reduction in child support because Wife spends part of the child support on her live-in-boyfriend. However, Husband provides no citation to the record to support this assertion. App.R. 16(A)(7). The record reflects that Wife received $3500 per month in spousal support through December of 2005 and currently receives $3000 *Page 6 
in monthly spousal support. Moreover, Wife received a substantial cash settlement from the divorce. Husband has failed to demonstrate that she spends any of the child support on her live-in-boyfriend. Husband asserts, with no elaboration, that "[t]here is extravagance that has nothing to do with the children." Again, Husband has failed to support this assertion with a reference to the record. App.R. 16(A)(7).
 {¶ 14} We find no abuse of discretion in the trial court's denial of Husband's motion for reduction in child support. As the party moving for the child support modification, Husband had the burden of proof to establish how the relevant factors would support a modification of his child support obligation. Jurewicz v. Rice (Nov. 14, 2001), 9th Dist. No. 3190-M, at *2. The magistrate relied on the parties' agreement that the children's needs and standard of living would be met through a child support payment of $4000 per month. Husband failed to present any evidence that his income declined in a significant manner and/or the children's needs had declined in any substantial manner in the ten months following his agreement to pay this amount. Moreover, Husband has failed to establish that the parties misjudged the children's needs when they agreed to a $4000 monthly child support payment. "The trial court has no obligation to investigate and develop evidence that the parties have failed to present." Keller, supra, at ¶ 17. Accordingly, Husband's first assignment of error is overruled. *Page 7 
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BECAUSE IT DID NOT EXAMINE THE NECESSARY EVIDENCE AND DID NOT MAKE THE NECESSARY FINDINGS UNDER REVISED CODE SECTION 3119.04."
 {¶ 15} In his second assignment of error, Husband contends that the trial court erred in failing to examine the necessary evidence and make the necessary findings under R.C. 3119.04.
 {¶ 16} Husband has failed to provide this Court with a meaningful argument in support of his contention that the trial court erred because it did not examine the necessary evidence and did not make the necessary findings under R.C. 3119.04. As the appellant, Husband has the burden on appeal. See App.R. 16(A)(7); Loc.R. 7(B)(7). Pursuant to the appellate and local rules, this Court has authority to disregard assignments of error when the appellant has failed to identify the relevant portions of the record from which the errors are based. State v. Purefoy, 9th Dist. No. 23328, 2007-Ohio-371, at ¶ 4; See App.R. 12(A)(2); Loc.R. 7(F); See, also, App.R. 16(A)(7); Loc.R. 7(B)(7). In his second assignment of error, Husband has not cited to the record to support his factual assertions. Husband alleges that the trial court ignored "evidence of [Wife's] extravagant spending" and "the fact that [Wife], without one-time extravagant expenditures, has more than enough to survive at a good standard of living", yet he *Page 8 
fails to point to portions of the record regarding Wife's spending or standard of living. Based on the foregoing, Husband's second assignment of error lacks merit.
 {¶ 17} Husband's second assignment of error is overruled.
 III. {¶ 18} Husband's assignments of error are overruled. The judgment of the Summit County Domestic Relations Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. *Page 9 
Costs taxed to Appellant.
 SLABY, P. J., DICKINSON, J., CONCUR *Page 1