OPINION
{¶ 1} Plaintiff-appellant, Amy Gamble, appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, granting a motion to reduce child support filed by defendant-appellee, Gary Gamble. For the reasons outlined below, we affirm the decision of the trial court.
 {¶ 2} The parties were divorced on October 5, 2006. The marriage produced one child, son Dominic, born August 23, 2004. Under the divorce decree, Gary was ordered to *Page 2 
pay child support to Amy in the amount of $695.60 per month plus a two percent processing fee, for a total of $709.51 per month. At the time of the decree, both parties were employed at Cincinnati Financial Insurance Company ("Cincinnati Financial"). Amy was earning approximately $50,000 per year and Gary was earning approximately $35,000 per year.
 {¶ 3} Gary was terminated from his employment at Cincinnati Financial on December 4, 2006. After working a part-time job for a few months, he was hired on as an office manager at All Star Container ("All Star"). Gary earns $12 an hour at All Star and works an average of 40 hours per week. His annual salary is now approximately $25,000 per year. Amy continues to be employed at Cincinnati Financial, earning approximately $50,000 per year. She provides health insurance coverage for the parties' minor son at a cost of $1,731 per year and also pays for day care at a cost of $715 per month. She pays 1.5 percent local tax to the city of Fairfield, Ohio.
 {¶ 4} On February 20, 2007, Gary filed a motion to reduce his child support obligation. Following a hearing, the trial court granted the motion and reduced Gary's obligation to $540.81 per month plus a two percent processing fee, for a total of $551.63 per month. Amy timely appeals, raising one assignment of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT IN ESTABLISHING THE CHILD SUPPORT ORDER UTILIZING THE APPELLEE'S ACTUAL INCOME AND FAILING TO IMPUTE INCOME AS THE APPELLE WAS VOLUNTARILY UNDEREMPLOYED."
 {¶ 7} Amy argues that the trial court abused its discretion in granting Gary's motion to reduce his child support obligation because, according to Amy, Gary is voluntarily underemployed. She insists that Gary's termination resulted from job misconduct, and therefore urges this court to order the trial court to impute income to him in accordance with *Page 3 
his former salary at Cincinnati Financial.
 {¶ 8} The issue of whether a parent is voluntarily underemployed is a matter to be determined by the trial court based upon the facts and circumstances of each case. Rock v. Cabral (1993), 67 Ohio St.3d 108, syllabus. We note that Amy failed to request that the trial court make separate findings of fact and conclusions of law under Civ. R. 52. Therefore, we must presume that the trial court applied the law correctly and affirm if there is some evidence in the record to support the trial court's judgment. McLead v. McLead, Washington App. No. 06CA67, 2007-Ohio-4624, ¶ 25.
 {¶ 9} In the absence of findings of fact and conclusions of law, we cannot readily ascertain the trial court's reasons for refusing to find that Gary was voluntarily underemployed. In its decision granting Gary's motion to reduce his child support obligation, the trial court noted only that Gary was terminated from Cincinnati Financial on December 4, 2006. The court made no mention of underemployment. Although there was evidence that Gary was terminated for substandard employee conduct, our review of the record reveals that there was evidence supporting that Gary's change in employment constituted a change in circumstances sufficient to reduce his child support obligation. See Farmer v.Farmer, Medina App. No. 03CA0115-M, 2004-Ohio-4449, ¶ 10-12.
 {¶ 10} Where a court recalculates the actual annual obligation required pursuant to the schedule and applicable worksheet and the resulting amount is ten percent greater or less than the existing actual annual child support obligation, a substantial change in circumstances exists. Id. See, also, R.C. 3119.79(A). The trial court completed a new child support computation worksheet, inserting Gary's current $25,000 income in place of his former $35,000 income. Amy's annual income figure was increased from $50,000 to $52,000 on the new worksheet, which appears to reflect the inclusion of a $2,000 Christmas bonus.
 {¶ 11} After the computations were performed, the resulting annual child support *Page 4 
amount owed by Gary was over ten percent less than his existing actual annual child support obligation. Based upon our review of the record and the trial court's calculations, we cannot say that the court abused its discretion in determining that a reduction in Gary's child support obligation was warranted. See Foster v. Foster, 150 Ohio App.3d 298,2002-Ohio-6390, ¶ 9.
 {¶ 12} Amy's first assignment of error is overruled.
 {¶ 13} Judgment affirmed.
 WALSH, P.J., and POWELL, J., concur. *Page 1