DECISION AND JOURNAL ENTRY
{¶ 1} Plaintiff-Appellant Robert E. Fields has appealed the decision of the Medina County Court of Common Pleas that granted Defendant-Appellee Patricia R. Fields' motion for relief from judgment and modified his child support obligation. This Court affirms in part and reverses in part.
 I {¶ 2} Appellant and Appellee were married on August 15, 1981. Two children were born as issue of the marriage, to wit T.F., born April 23, 1985, and M.F., born January 23, 1988. Appellant and Appellee were granted a divorce on October 21, 1999. Incorporated into the judgment of divorce was a separation agreement and a shared parenting plan. A child support computation worksheet was also completed at the time of divorce and attached to the judgment entry of divorce. Pursuant to the terms of the shared parenting plan, a zero child support order was entered by the trial court.
 {¶ 3} At the request of Appellee, on July 30, 2002, the Medina County Child Support Enforcement Agency ("CSEA") conducted an administrative review of Appellant's child support obligation. Based upon the income figure Appellant reported to CSEA, CSEA recommended to the trial court that Appellant's monthly child support obligation be modified from $0 to $422.21 per month per child plus a $16.89 processing charge; Appellant's monthly child support obligation totaled $861.31. On September 9, 2002, the trial court adopted CSEA's recommendation and entered an order directing Appellant to pay $861.31 per month. The trial court's order was retroactive, dating back to July 1, 2002. Appellant did not appeal the trial court's September 9, 2002 decision.
 {¶ 4} On January 8, 2003, Appellee filed a Civ.R. 60(B) motion for relief from judgment. In her motion, Appellee claimed that Appellant had underreported his annual income for purposes of calculating his child support obligation. As a result, she claimed, Appellant's child support obligation was too low and his child support obligation should be recalculated based upon his higher annual income figure. Appellant responded to Appellee's motion and claimed that Appellee was not entitled to relief. On March 31, 2003, while Appellee's motion for relief from judgment was pending with the trial court, Appellant filed a motion to modify child support due to changed circumstances. In his motion to modify, Appellant argued that he was entitled to a downward modification and downward deviation from the September 9, 2002 child support order because his income had decreased.
 {¶ 5} On April 16, 2003 and July 1, 2003, hearings were held on both Appellee's motion for relief from judgment and Appellant's motion to modify child support. The magistrate announced its decision on July 9, 2003 wherein it recommended that Appellee's motion for relief from judgment be granted and recommended that, based upon a child support worksheet reflecting Appellant's true income, Appellant should be ordered to pay $621.07 per month per child in child support from July 1, 2002 to March 31, 2003. The magistrate also recommended that Appellant's motion to modify child support should be granted, and that as of April 1, 2003, Appellant's child support obligation should be $471.02 per month per child.[1]
 {¶ 6} On July 23, 2003, Appellant filed preliminary objections to the magistrate's decision wherein he argued that Appellee was not entitled to relief from judgment and that his child support should not be set at $621.07 from July 1, 2002 to March 31, 2003. He also argued that the magistrate should have recommended a downward deviation of his child support for the period of April 1, 2003 to June 1, 2003. On November 19, 2003, a hearing was held on Appellant's objections to the magistrate's decision. In its March 3, 2004 judgment entry, the trial court overruled Appellant's objections and adopted the magistrate's decision.
 {¶ 7} Appellant has timely appealed the trial court's decision, asserting three assignments of error.
 II Assignment of Error Number One
"The trial court erred in its decision to grant [appellee's] motion for relief from judgment pursuant to Rule 60(B)."
 {¶ 8} In his first assignment of error, Appellant has argued that the trial court erred when it granted Appellant's motion for relief from judgment. Specifically, Appellant has argued that CSEA was without jurisdiction to establish child support because no child support order existed at the time CSEA filed its recommendation to modify child support. Appellant has further argued that because no child support order existed, Appellee could not be given relief from judgment of the trial court's order modifying child support.
 {¶ 9} A child support order is defined as "either a court child support order or an administrative child support order." R.C.3119.01(B)(2). A court child support order is defined as "any order issued by a court for the support of a child pursuant to Chapter 3115." R.C. 3119.01(C)(2). A child support enforcement agency has the authority to review a court child support order, recalculate an obligor's child support obligation, and recommend to the trial court that the existing child support order be modified accordingly. See R.C. 3119.60 to R.C.3119.63.
 {¶ 10} In the instant matter, Appellant has argued that no child support order existed and therefore CSEA was devoid of jurisdiction to modify what it considered a zero child support order. Appellant further has argued that because there was no child support order or modification, Appellee could not be given relief from judgment of the purportedly modified child support award. Appellee has argued that a zero child support order was created at the time of divorce, thus the order could be modified. She has further argued that she should be given relief from judgment of the trial court's modification because said modification was based upon Appellant's mistaken annual income figure.
 {¶ 11} This Court has previously held that "`a child support order which requires zero support to be paid is an existing child support order.'" (Quotations omitted.) Rodriguez v. Rodriguez (May 2, 2001), 9th Dist. No. 00CA007699, at 10, quoting Rose v. Rose (June 28, 2000), 9th Dist. No. 99CA0009. Conversely, this Court has also held that a trial court order that "specifically ordered that no child support order would exist between the parties[,]" is not a child support order subject to review or modification by CSEA or the trial court. (Emphasis added.)Rieger v. Rieger, 9th Dist. No. 02CA008035, 2002-Ohio-6991, at ¶ 15.
 {¶ 12} In the instant matter, the judgment entry of divorce stated the following:
"It is further ordered, adjudged and decreed [that] neither party shall pay to the other any amount of child support. The parties agree and acknowledge that the arrangement may deviate from the amounts called for in the child support guidelines, but state that it is in the best interests of the minor children for the following reasons:
"(a) [Appellant] and [Appellee] shall each be spending equal times with the children;
"(b) [Appellee] shall pay 35% and [Appellant] 65% of all expenses associated with extracurricular activities (sports, music lessons, etc.), including but not limited to sign-up fees, uniform costs, and equipment costs."
 {¶ 13} The record further reveals that a separation agreement and a shared parenting plan were incorporated into the October 21, 1999, judgment entry of divorce. In addition, a child support computation worksheet was referenced in the shared parenting plan and attached to the judgment entry of divorce.
 {¶ 14} It is clear to this Court that Appellant and Appellee contemplated child support, calculated child support, and voluntarily deviated from the amount of child support reflected on the child support calculation worksheet. As a result, we conclude that a zero child support order was entered at the time of divorce. It follows that because a child support order existed, CSEA was vested with jurisdiction pursuant to R.C. 3119.60 to R.C. 3119.63 to review and recommend modification of said order.
 {¶ 15} Next we must determine whether or not the trial court properly granted Appellee's motion for relief from judgment of the September 9, 2002 child support order of $422.21 per month per child. Civ.R. 60(B) governs motions for relief from judgment and provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R 59(B)]; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 16} Pursuant to Civ.R. 60(B), a movant must demonstrate the following three factors in order to obtain relief from judgment: (1) a meritorious defense or claim if relief is granted; (2) entitlement to relief under Civ.R. 60(B)(1)-(5); and (3) that the motion was filed within a reasonable time, with a maximum time being one year from the entry of judgment if the movant alleges entitlement to relief under Civ.R. 60(B)(1)-(3). GTE Automatic Elec., Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. "These requirements are independent and in the conjunctive[.]" Strack v. Pelton
(1994), 70 Ohio St.3d 172, 174. Thus, if the movant fails to satisfy any one of these requirements, the trial court must deny the motion. Id.
 {¶ 17} The standard of review used to evaluate the trial court's decision to deny or grant a Civ.R. 60(B) motion is an abuse of discretion. State ex rel. Russo v. Deters (1997), 80 Ohio St.3d 152, 153. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. The court abuses its discretion if it grants relief in a case where the movant has not demonstrated all three factors in its motion. Mitchell v. Mill Creek Sparkle Market, Inc. (June 29, 1999), 7th Dist. No. 97 CA 230, 1999 Ohio App LEXIS 3153, at *4, citingRusso, 80 Ohio St.3d at 154. If, however, the materials submitted by the parties clearly establish the movant is entitled to relief, then the motion should be granted. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,104 ("If the material submitted by the parties in support of and in opposition to the motion clearly establishes that the movant filed a timely motion, has stated valid reasons why he is entitled to relief under one of the provisions of [Civ.R. 60(B)(1)-(5)], and has a defense, the trial court should grant the motion for relief from judgment and overruling the motion would be an abuse of discretion." (Alterations added; Emphasis omitted.)).
 {¶ 18} Our review of the record, including Appellant's deposition and the child support calculation worksheet attached to the magistrate's July 9, 2003 decision, convinces us that $621.07 for the period of July 1, 2002 to March 31, 2003 as ordered by the trial court was the correct amount of child support.[2] Unfortunately, we are further convinced that the child support order must be reversed because Appellee and the trial court employed the wrong procedural tool to correct Appellant's mistake. Instead of a Civ.R. 60(B) motion for relief from judgment, the appropriate procedural tool would have been a motion for retroactive modification of child support based on special circumstances. See O'Neillv. Bowers, 9th Dist. No. 21950, 2004-Ohio-6540, at ¶ 20; see, also,Sprankle v. Sprankle (Mar. 25, 1998), 9th Dist. No. 2678-M; Zaccardelliv. Zaccardelli (July 26, 2000), 9th Dist. No. 19894; Bender v. Bender
(July 18, 2001), 9th Dist. No. 20157. Fortunately, this procedural tool is still available to Appellee. Appellant's first assignment of error has merit.
 Assignment of Error Number Two
"The trial court erred in adopting the Magistrate's decision modifying [appellant's] child support obligation."
 {¶ 19} In Appellant's second assignment of error, he has argued that the trial court erred when it granted his March 31, 2003 motion to modify the trial court's September 9, 2002 child support order of $422.21 per month per child. Specifically, Appellant has argued that he was entitled to a downward modification and a downward deviation for the period of April 1, 2003 through May 31, 2003.[3] We disagree.
 {¶ 20} It is well established that a trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142, 144. As previously stated, an abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore, 5 Ohio St.3d at 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berkv. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 21} When modifying an existing child support order, a trial court must find that a change of circumstances has occurred. Farmer v. Farmer,
9th Dist. No. 03CA0115-M, 2004-Ohio-4449, at ¶ 10. In order to determine whether or not a change of circumstances has occurred, the trial court must complete a new child support worksheet, recalculating the amount of support required through the line establishing the actual obligation. R.C. 3119.79(A); Farmer, supra; Julian v. Julian, 9th Dist. No. 21616, 2004-Ohio-1430, at ¶ 5. A change of circumstances is found if the recalculated amount is more than ten percent less or greater than the amount previously required as child support. R.C. 3119.79(A); Farmer, at ¶ 10; Swank v. Swank, 9th Dist. No. 21207, 2003-Ohio-720, at ¶ 12. "The appropriate method for calculating whether the ten-percent requirement has been met is to take the existing child-support worksheet underlying the support order and substitute the parties' new financial information for that contained in the worksheet, employing the same calculations as those used for the original order." Farmer, at ¶ 10, quoting Thompson v.Boivin, 1st Dist. No. C-010697, 2002-Ohio-4628, at ¶ 16.
 {¶ 22} A court may deviate from the amount of child support reflected on the child support calculation worksheet if, upon consideration of "the factors and criteria set forth in [R.C. 3119.23] the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child." R.C. 3119.22. Pursuant to R.C. 3119.23, factors that support a deviation include but are not limited to special or unusual needs of the children, significant in kind contributions paid on behalf of the child, and other court-ordered payments. Before a trial court can apply R.C. 3119.22 and deviate from the amount of child support reflected on the worksheet, it must first comply with the statutory ten percent test as set forth in R.C. 3119.79. Farmer, at ¶ 19, citingDePalmo v. DePalmo (1997), 78 Ohio St.3d 535, 539.
 {¶ 23} In the instant matter, Appellant has argued that the trial court abused its discretion when it granted his motion to modify child support but failed to deviate downward. In response, Appellee has argued that the trial court was within its discretion when it refused to deviate downward.
 {¶ 24} Turning first to the question of whether or not the trial court complied with R.C. 3119.79 when it determined that Appellant was entitled to modification. The record reveals that a worksheet reflecting an annual obligation of $10,133.07 was completed and served as the basis for the September 9, 2002 child support order of $422.21 per month per child as of July 1, 2002. The record further reveals that Appellant filed a motion to modify the September 9, 2002 child support order on March 31, 2003. In response to that motion, the trial court completed a worksheet which reflected an annual obligation of $11,316.25. Said worksheet served as the basis for the trial court's judgment entry wherein it granted Appellant's motion to modify his child support obligation; entered a child support order of $471.02 per month per child from April 1, 2003 through May 31, 2003;[4] and refused Appellant's request for a downward deviation in his monthly child support obligation. Thus it is clear that the R.C. 3119.79 ten percent test was satisfied and a change in circumstances existed warranting modification of Appellant's child support obligation.[5]
 {¶ 25} As to Appellant's argument that the trial court should have deviated downward when it granted his March 31, 2003 motion to modify child support, in its judgment entry wherein it granted Appellant's motion, the trial court stated that Appellant "failed to establish that [the] child support guidelines computation is unjust or inappropriate and not in the children's best interests." This decision was based upon the trial court's finding that Appellee supported one minor child half the time and solely supported the second minor child on less then one half of Appellant's annual income. The trial court also found that Appellant failed to present any evidence speaking to the statutory factors enumerated in R.C. 3119.23. Specifically, the trial court found that Appellant failed to present any evidence that "his children have special or unusual needs, that he has extraordinary obligations for the children, or that he has other court-ordered payments." The trial court went on to find, among other things, that Appellant "failed to present evidence of any significant in kind contributions he might make to the children, how the standard of living each parent would have had with the children had there not been a divorce warrants a deviation, or of any special physical or emotional conditions and needs of the children." Finally, Appellant himself admitted during his deposition that one minor child resided with him half the time while the second minor child did not reside with him at all.
 {¶ 26} Our careful review of the transcript from the July 1, 2003 hearing before the magistrate along with Appellant's sworn deposition supports the trial court's findings. As a result, this Court concludes that the trial court did not abuse its discretion when it failed to deviate downward and decrease Appellant's child support obligation for the period of April 1, 2003 through May 31, 2003. Appellant's second assignment of error lacks merit.
 Assignment of Error Number Three
"The trial court erred by adopting the Magistrate's decision without entering its own judgment on the issues."
 {¶ 27} In his third assignment of error, Appellant has argued that the trial court erred when it adopted the magistrate's decision. Specifically, Appellant has argued that the trial court failed to conduct an independent analysis of the issues presented to the magistrate, and thus it failed to enter its own judgment on those issues. We disagree.
 {¶ 28} When adopting the recommendation of a magistrate, the trial court "must still separately enter his or her own judgment setting forth the outcome of the dispute[.]" Harkai v. Scherba Industries, Inc.
(2000), 9th Dist. No. 136, Ohio App.3d 211, 218. The judgment entry must be all inclusive, meaning that the parties must not be required to look to other documents in order to determine their rights and obligations relating to the underlying action. Conrad v. Conrad, 9th Dist. No. 21394, 2003-Ohio-2712, at ¶ 4.
 {¶ 29} In the instant matter, Appellant has argued that the trial court failed to review fully the magistrate's decision before it adopted it on March 3, 2004. Appellee has argued that the trial court conducted a thorough review of the magistrate's decision and did not abuse its discretion when it adopted the magistrate's decision.
 {¶ 30} We find Appellant's challenge to that portion of the trial court's judgment entry wherein it granted Appellant's March 31, 2003 motion to modify child support but denied his request for a downward deviation unconvincing. Our review of the record reveals that the March 3, 2004 judgment entry referenced various portions of the record, including numerous filings made by the parties throughout the five year history of the case, sworn testimony, and relevant Ohio statutes. Thus, it is clear to this Court that the trial court did in fact conduct its own independent analysis of the issues raised by Appellant in his objections to the magistrate's decision; Appellant simply does not agree with the determination of the trial court.
 {¶ 31} Appellant has also argued in his third assignment of error that the trial court erred when it granted Appellee's Civ.R. 60(B) motion for relief from judgment. Given our disposition of Appellant's first assignment of error, we find that portion of his third assignment of error that attacks the trial court's judgment entry granting Appellee's Civ.R. 60(B) motion for relief from judgment moot.
 {¶ 32} Based on the foregoing, this Court concludes that the trial court did enter its own, independent judgment when it adopted the magistrate's July 9, 2003 decision and granted Appellant's March 31, 2003 motion to modify child support. Accordingly, Appellant's third assignment of error is not well founded.
 III {¶ 33} Appellant's first assignment of error is sustained. Appellant's second assignment of error is overruled. Appellant's third assignment of error is moot as it relates to the judgment entry granting Appellee's Civ.R. 60(B) motion for relief from judgment. The remaining elements of Appellant's third assignment of error are overruled. The judgment of the trial court is affirmed in part, reversed in part, and cause remanded for further consideration consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Slaby, J., Batchelder, J., Concur.
[1] Not relevant to the instant appeal, the magistrate also recommended that a motion filed by CSEA requesting modification of Appellant's child support obligation due to the emancipation of the eldest child of Appellant and Appellee be granted, and that as of June 1, 2003, Appellant's child support obligation should be $670 per month for the sole remaining minor child.
[2] We feel compelled to note that the controversy resulting from Appellant's mistaken annual income figures could likely have been avoided had CSEA noted that, as an employee of an organization where overtime and bonuses are commonplace, it was highly possible that Appellant earned income not reflected on his pay stub. CSEA probably should have required Appellant to provide a copy of his previous years' tax returns when it calculated his child support obligation. See R.C. 3119.05(A).
[3] Appellant also has argued that the amount of income used to calculate Appellant's child support obligation was erroneous because the trial court misapplied stipulated income figures and used erroneous income figures for Appellee. In support of this argument, Appellant directed our attention to the transcript from the April 16, 2003, hearing before the magistrate. However, Appellant failed to transmit the transcript from the hearing to this Court. Therefore, we reject Appellant's argument that the trial court used erroneous income figures when it calculated Appellant's child support obligation. See PreferredCapital, Inc. v. Rock N Horse, Inc., 9th Dist. No. 21703, 2004-Ohio-2122, at ¶ 12- ¶ 14; App.R.9(B); App.R. 10(A).
[4] The modification was effective only until June 1, 2003 because the couple's eldest child became emancipated on that date. As a result of her emancipation, a new worksheet was completed and a new child support order entered based upon Appellant's obligation for the sole remaining minor child.
[5] We note the obvious: Appellant's motion to modify the September 9, 2002 child support order resulted in an increase in his child support obligation for the period of April 1, 2003 through May 31, 2003.