DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Joseph Simkanin ("Husband"), appeals the decision of the Summit County Court of Common Pleas, Domestic Relations Division, which granted appellee, Karen Simkanin's ("Wife") motion for modification of support. This Court affirms in part, and reverses in part.
 I. {¶ 2} Husband and Wife were divorced after a 31-year marriage by a decree of divorce filed on June 25, 1995. A separation agreement which represented the parties' agreement as to the property settlement and spousal support award was attached and incorporated into the divorce decree. On September 5, 2001, Wife filed a motion seeking an increase of spousal support and modification of the length of the term of spousal support. After multiple continuances were granted, on March 5, 2002, the trial court continued the matter until June 24, 2002, and stated that no further continuances would be granted. On June 19, 2002, appellee filed another motion for continuance, stating that opposing counsel did not object to the continuance. Neither side attended the June 24, 2002 hearing. On July 2, 2002, the trial court dismissed the action without prejudice for failure to prosecute. On July 8, 2002, the trial court denied appellee's motion for continuance. In December 2002, Wife file a motion to reinstate her motion filed on September 5, 2001. Husband filed a motion opposing reinstatement of Wife's September 5, 2001 motion. The trial court granted Wife's motion to reinstate. A hearing was held on Wife's motion to modify spousal support on March 10, 2003. The magistrate found that a change in Wife's circumstances existed and an increase in Husband's spousal support obligation was warranted. Husband filed objections to the magistrate's decision and Wife filed a response. The trial court overruled Husband's objections and granted Wife's motion to modify support.
 {¶ 3} Husband timely appeals, setting forth four assignments of error for review. Husband's second and third assignments of error have been combined in order to facilitate review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN REINSTATING PLAINTIFFA-PPELLEE'S SPOUSAL SUPPORT MOTIONS, WHERE THE COURT HAD ALREADY DISMISSED THE MOTIONS AND THE TIME FOR OBJECTIONS TO THE JUDGMENT ENTRY HAD PASSED."
 {¶ 4} In his first assignment of error, appellant argues that the trial court erred in granting Wife's motion requesting an order reinstating the motion she filed on September 5, 2001. This Court disagrees.
 {¶ 5} Husband argues that the trial court's July 2, 2002 order was a final appealable order and that Wife did not follow the proper procedures to challenge the order. Husband contends that Wife's motion to reinstate was merely a motion to reconsider and that the Civil Rules of Procedure do not provide for such a motion. Wife argues that the trial court's July 2, 2002 order was not a final, appealable order and, therefore, the trial court had the discretion to modify the order.
 {¶ 6} This Court has held repeatedly, most notably in Harkaiv. Scherba Industries, Inc. (2000), 136 Ohio App.3d 211, 218, that a trial court cannot merely adopt a magistrate's decision but must enter its own judgment that sets forth "the outcome of the dispute and the remedy provided." Id. The July 2, 2002 order attached to the appellant's brief does not satisfy that requirement and does not appear to be a final, appealable order. Therefore, Wife's motion to reinstate sought reconsideration of an interlocutory, rather than a final, order of the trial court.
 {¶ 7} In order to obtain relief from a non-final order, a party may file a motion for reconsideration with the trial court.Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240, citing Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 380. See, also, Findlay Ford Lincoln-Mercury v. Huffman,
3d. Dist. No. 5-02-67, 2004-Ohio-541, at ¶ 31. Civ.R. 54(B) allows for the reconsideration of interlocutory orders and states that they are "subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." See, also, Pitts,67 Ohio St.2d at 379, fn. 1. A trial court has the discretion to entertain such motions. Helman, 139 Ohio App.3d at 241, citingLaBarbera v. Batsch (1962), 117 Ohio App. 273, 276. The court's determination of a motion for reconsideration will not be disturbed on appeal absent an abuse of discretion. Helman,139 Ohio App.3d at 241. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} Having found that the trial court's September 27, 2004 order was not a final appealable order, this Court finds that the trial court did not abuse its discretion in granting Wife's motion to reinstate her September 5, 2001 motion. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN CONSTRUING THE PARTIES' SEPARATION AGREEMENT AS GRANTING THE DOMESTIC RELATIONS COURT CONTINUING JURISDICTION OVER PLAINTIFF-APPELLEE'S SPOUSAL SUPPORT MOTIONS."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN ACCEPTING JURISDICTION OVER PLAINTIFF-APPELLEE'S SPOUSAL SUPPORT MOTIONS, WHERE THE JURISDICTION CLAUSE IN THE SEPARATION AGREEMENT OPERATES AS A SHAM."
 {¶ 9} In his second and third assignments of error, appellant contends that the trial court erred in finding that it had continuing jurisdiction over appellee's post decree motion regarding spousal support. Specifically, appellant argues that the separation agreement did not provide continuing jurisdiction for the trial court. This Court disagrees.
 {¶ 10} R.C. 3105.18(E) provides that a court which issues a spousal support order does not have jurisdiction to modify the amount or terms of the spousal support unless the divorce decree contains a provision specifically authorizing the court to modify the support and the party's circumstances have changed.
 {¶ 11} Appellant's first argument is that the language of the separation agreement provided that Husband's spousal support obligation would terminate when he reached age 65. After reviewing the separation agreement, this Court disagrees.
 {¶ 12} Interpretation of an incorporated separation agreement is based upon principles of contract law. Bryson v. Maxwell
(Dec. 18, 2002), 9th Dist. No. 21082, citing, Beck v. Dobrinski
(Apr. 26, 2000), 9th Dist. No. 99CA007309. If a contract is unambiguous on its face, courts will not construe the contract's meaning contrary to its plain terms. Aultman Hosp. Assn. v.Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51, syllabus. In the present case, the parties' separation agreement, which was incorporated into the divorce decree, is unambiguous. The separation agreement states, in relevant part:
"Effective the 1st day of July, 1996, the Husband shall pay, as and for spousal support the sum of $10.00 per month, subject to further Order of the Court. The Summit County Domestic Relations Court shall retain jurisdiction to modify the amount or the terms of the spousal support based upon a change in circumstances of a party until Husband reaches age 65. * * *
"Effective the 1st day of July, 1996, the Wife shall pay, as and for spousal support the sum of $10.00 per month, subject to further Order of the Court. The Summit County Domestic Relations Court shall retain jurisdiction to modify the amount or the terms of the spousal support based upon a change in circumstances of a party until Husband reaches age 65."
 {¶ 13} The language in the parties' separation agreement plainly states that the trial court may change both the term and amount of spousal support based upon a change in circumstances of either party until Husband reaches age 65. At the time Wife filed her motion to modify and at the time of the hearing on the motion, Husband was under 65 years of age. In fact, the plain language of the separation agreement does not provide for the termination of the spousal support obligation of either party under any circumstances.
 {¶ 14} Husband also contends that the trial court could not have reserved jurisdiction over the issue of spousal support because the divorce decree did not actually grant an award of spousal support. Husband argues that because the separation agreement provided that Husband and Wife would pay each other $10 per month, the agreement actually awarded no spousal support.
 {¶ 15} There is a split among the appellate courts in Ohio on the issue of whether a trial court can retain jurisdiction to modify spousal support if the court chooses to award zero spousal support in the initial divorce decree. In Okos v. Okos (2000),137 Ohio App.3d 563, 580-581, the Sixth Appellate District discussed the split among the districts in depth, and concluded:
"We further note that in most of the cases where other appellate courts in Ohio ruled that trial courts can retain jurisdiction to modify spousal support even when the initial spousal support ordered is zero, the following considerations seemed to come into play: (1) the reservation of jurisdiction was for a limited time, (2) the equity of the situation at the time of the divorce would make a grant of spousal support onerous, but there was a likelihood that situation could change within the specified time, and (3) the only other alternative would be for the trial court to order a nominal amount of spousal support at the time of the divorce so it could retain jurisdiction resulting in a colossal burden of paperwork and processing for payment of a pittance.
"We agree with the decisions of the districts that hold that a trial court can reserve jurisdiction for a limited, reasonable period of time that does not last longer than an actual award of spousal support would last, to modify spousal support, even when the initial order grants zero spousal support. This solution still provides finality in judgments but permits a court latitude to see that if the financial situations of the parties change within the first few years after the divorce, equity can be served."
 {¶ 16} Although this Court has not dealt specifically with this issue in the context of a spousal support award, we recently considered it in determining the Child Support Enforcement Agency's authority to review and modify child support orders in which a zero dollar amount is awarded. Fields v. Fields, 9th Dist. No. 04CA0018-M, 2005-Ohio-471. In Fields, this Court held that an order awarding zero support to be paid is different than an order stating that no child support obligation exists. Id. at ¶ 11. Based upon this Court's rationale in Fields, we find that a trial court can retain jurisdiction for a limited, reasonable period of time, to modify spousal support, even when the initial order awards zero support. Consequently, in the present matter, this Court finds that the trial court did not abuse its discretion in finding that it had jurisdiction to rule upon Wife's motion to modify spousal support.
 {¶ 17} In this case, the parties were divorced in 1996. Husband reached the age of 65 in July 2003. Therefore, the separation agreement provided for the trial court to retain jurisdiction over the issue of spousal support for 7 years. As previously stated, there was no termination provision for the spousal support award in the separation agreement. However, by stating that the court retained jurisdiction to modify the spousal support award until Husband reached age 65, the separation agreement did provide some sense of finality for the parties. Okos, 137 Ohio App.3d at 581.
 {¶ 18} Husband also argues that the jurisdiction provision of the separation agreement was a "sham" and that the separation agreement was not intended to provide continuing jurisdiction for the trial court over the issue of spousal support. This Court notes that the parties agreed to the spousal support award. The separation agreement notes that both Husband and Wife were represented by counsel and states: "Each party has read this agreement and finds it to be in accordance with his or her understanding. Husband and Wife each voluntarily execute this agreement without any threats, duress or coercion." The plain language of the separation agreement reveals that the desire of the parties was that the trial court would retain jurisdiction to modify the spousal support award until Husband reached the age of 65. No evidence was presented to show that Husband and Wife intended something different when they executed the separation agreement or that either Husband or Wife did not execute the agreement willingly and with the benefit of counsel. Therefore, this Court finds that Husband's argument that the jurisdiction clause in the separation agreement was a sham to be without merit.
 {¶ 19} Accordingly, appellant's second and third assignments of error are overruled.
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING PLAINTIFF-APPELLEE'S SPOUSAL SUPPORT MOTIONS AND IN ITS DETERMINATION OF THE AMOUNT AND TERM OF SPOUSAL SUPPORT"
 {¶ 20} In his fourth assignment of error, Husband argues that the trial court erred in granting Wife's motion to modify support. This Court agrees.
 {¶ 21} As an initial matter, this Court notes that a trial court has broad discretion in determining a spousal support award, including whether or not to modify an existing award.Mottice v. Mottice (1997), 118 Ohio App.3d 731, 735; Schultzv. Schultz (1996), 110 Ohio App.3d 715, 724. Absent an abuse of discretion, a spousal support award will not be disturbed on appeal. Schultz, 110 Ohio App.3d at 724.
 {¶ 22} It is well established that before a trial court may modify the amount or terms of spousal support, it must conduct a two-step analysis. Leighner v. Leighner (1986),33 Ohio App.3d 214, 215. First, the court must determine whether the original divorce decree specifically authorized the trial court to modify the spousal support, and if so, whether either party's circumstances have changed. Kingsolver v. Kingsolver, 9th Dist. No. 21773, 2004-Ohio-3844 at ¶ 11, citing Leighner,33 Ohio App.3d at 215; See R.C. 3105.18(E). Second, the trial court must evaluate the appropriateness and reasonableness of the award.Barrows v. Barrows, 9th Dist. No. 21904, 2004-Ohio-4878 at ¶ 7, citing R.C. 3105.18(C)(1).
 {¶ 23} As discussed in appellant's second and third assignments of error, it is evident from the record that the trial court retained jurisdiction to modify the spousal support. The divorce decree of June 25, 1996, specifically authorized the Summit County Domestic Relations Court to modify the existing spousal support upon a showing of changed circumstances of either party until Husband reached the age of 65. Having found that the trial court retained jurisdiction to modify the June 25, 1996 decree, we next move to the issue of whether the circumstances of either party changed since the original divorce decree.
 {¶ 24} The trial court found that Wife's deteriorating health and meager income constituted a change in circumstances warranting a modification of the spousal support award provided in the parties' divorce decree. This Court agrees that the change in Wife's health constituted a change in circumstances. R.C.3105.18(F); Kingsolver at ¶ 23. We must now evaluate the appropriateness and reasonableness of the award. Barrows at ¶ 7, citing R.C. 3105.18(C)(1).
 {¶ 25} R.C. 3105.18(C)(1) provides, in relevant part:
"In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support, which is payable either in gross or in installments, the court shall consider all of the following factors:
"(a) The income of the parties, from all sources, including, but not limited to, income derived from property divided, disbursed, or distributed under section 3105.171 of the Revised Code;
"(b) The relative earning abilities of the parties;
"(c) The ages and the physical, mental, and emotional conditions of the parties;
"(d) The retirement benefits of the parties;
"(e) The duration of the marriage;
"* * *
"(g) The standard of living of the parties established during the marriage;
"(h) The relative extent of education of the parties;
"(i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
"* * *
"(k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
"(l) The tax consequences, for each party, of an award of spousal support;
"* * *
"(n) Any other factor that the court expressly finds to be relevant and equitable."
 {¶ 26} This Court begins by noting that the parties' separation agreement provided: "The spousal support calculated herein is based upon the fact that A A Printing, Inc. is winding down its business affairs and that neither Husband nor Wife will be gainfully employed." Accordingly, it is clear that the parties contemplated that neither would be employed in the future and that respective incomes would be dependent on the investment of their property settlement. Therefore, in this case, the trial court erred in relying upon the parties' incomes in determining whether a change of circumstances existed. However, at the hearing on her motion to modify spousal support, Wife testified that her health has deteriorated since the divorce. In her Affidavit of Income and Expenses, Wife states that her current monthly medical expenses are $468.00. No evidence was presented as to what Wife's medical expenses were at the time of the divorce. However, even assuming that Wife's increased expenses constitute a change in circumstances, this Court finds that the trial court erred in ordering any modification of support.
 {¶ 27} "[T]he trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law." Bowen v. Bowen (1999), 132 Ohio App.3d 616, 627, quoting Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, paragraph two of the syllabus. See, also, R.C. 3105.18. In the instant matter, the trial court increased Husband's spousal support obligation from $10 per month to $2,166 stating: "This amount will provide both parties with enough to live on." This Court finds that the trial court's finding that Wife's health is deteriorating and that a spousal support award of $2,166 will allow both Husband and Wife enough to live on is insufficient to justify the awarded increase in Husband's spousal support obligation. Furthermore, this Court notes that R.C. 3105.18 does not require equalization of the parties' incomes. Tremaine v.Tremaine (1996), 111 Ohio App.3d 703, 707.
 {¶ 28} A review of the factors set forth in R.C.3105.18(C)(1) supports this Court's conclusion that no modification of support was warranted. Husband has spent and invested the funds he received as a result of the separation agreement in such a manner that his yearly income is now greater than Wife's. Wife now seeks to share in his gains despite the fact that Wife received approximately the same assets at the time of the divorce. Husband has simply managed the assets in a more efficient manner. Accordingly, this Court finds that the consideration of Husband's income derived from the parties' settlement is inequitable as Wife was provided the same opportunity to derive income from those assets and chose to use her money in a different manner. As such, R.C. 3105.18(C)(1)(a) does not support a modification of support.
 {¶ 29} Additionally, both parties recognized at the time that they entered into the settlement agreement that neither would be gainfully employed following their divorce. To date, both parties have remained unemployed. R.C. 3105.18(C)(1)(b), therefore, does not support a modification of support. Further, the parties' settlement agreement clearly acknowledged that, based upon their age and physical condition, neither would work in the future. As a result, R.C. 3105.18(C)(1)(c), again provides no support for modification.
 {¶ 30} Finally, the evidence before this Court indicates that Wife has not only maintained the standard of living she enjoyed during the marriage, but has actually increased her standard of living. Further, Wife provided no evidence in the trial court that the minor increase in her health care expenses would cause her standard of living to drop below that which she enjoyed during the marriage. Accordingly, R.C. 3105.18(C)(1)(g) also provides no support for the trial court's order modifying Husband's spousal support.
 {¶ 31} This Court concludes, therefore, that the applicable statutory factors militate against a finding for any
modification, let alone the trial court's ordered modification which increased Husband's support obligation by approximately 20,000 percent.
 {¶ 32} Appellant also argues that the trial court erred in making the $2,166 per month in spousal support retroactive to September 5, 2001, the date that Wife's motion to increase spousal support was originally filed. Given this Court's finding that the trial court abused its discretion in increasing Husband's spousal support obligation, this argument is moot and we need not address it. App.R. 12(A)(1)(c).
 {¶ 33} Consequently, the trial court abused its discretion in finding that any modification of support was reasonable and appropriate. Husband's fourth assignment of error is sustained.
 III. {¶ 34} Husband's first, second, and third assignments of error are overruled. Husband's fourth assignment of error is sustained. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed in part, reversed in part, and the cause remanded to the trial court for further proceedings consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Exceptions.
Moore, J., Baird, J., concur