DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Lorain County Child Support Enforcement Agency ("CSEA"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, declining to adopt CSEA's administrative findings regarding the modification of a child support order. We reverse.
 I. {¶ 2} Plaintiff, Diana Smith, filed for divorce from Defendant, Reginald Smith, on July 11, 1990. The couple had two children together. Defendant was unemployed and Plaintiff had worked at a number of jobs through a temporary agency over the preceding year and a half. Temporary orders were entered on September 17, 1990, including a provision "[t]hat [child] support and alimony are held in abeyance until further order of this Court." Defendant was ordered to report weekly to CSEA to document his efforts to find employment.
 {¶ 3} The divorce was granted on January 30, 1991 and Plaintiff was granted custody of the children. The divorce decree provided, inter alia:
"Due to Defendant's unemployment, the matter of child support is hereby held in abeyance. The Defendant is ordered to seek employment, keep a record thereof, and shall report to the Child Support Enforcement Agency once a month commencing February 4, 1991, and thereafter as the Child Support Enforcement Agency directs. Any payment of money by Defendant under the herein support order that is not made to the Child Support Enforcement Agency as provided herein shall not be considered as a payment of support but shall be deemed a gift."
 {¶ 4} On May 11, 1994, Defendant filed a motion to modify custody and parental rights and responsibilities and to terminate child support. On March 13, 1995, the court entered an order designating the children's paternal grandmother, Ruth Ann Geiger, who had been made a party to the case, as the residential parent and legal custodian. The trial court struck out a single sentence on the order providing for Plaintiff to pay Ms. Geiger child support and handwrote a provision that "any order of support shall be held in abeyance until further order of the Court." As modified, the language of the order read as follows, with the handwritten portion in italics and with underscores to represent blank spaces on the order:
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any order ofsupport shall be held in abeyance until further order of Court.
____________ ($__.00) per week, commencing on the ____ day of _______________, 1995, and shall continue until such time as each minor child has attained the age of eighteen (18) years and graduated from high school or is no longer a full time high school student, provided that if a child is eighteen (18) years of age and still in high school, the payments shall continue until said child graduates from high school, or becomes emancipated, all subject to further order of Court. Said sum shall be made payable through the Lorain County Child Support Enforcement Agency * * * for distribution to Ruth Ann Geiger and by wage assignment or funds on account."
 {¶ 5} In 2006, CSEA conducted an administrative modification of the March 13, 1995 child support order because Ms. Geiger was receiving public funds for one of the children. CSEA submitted the proposed modification to the trial court, which declined to adopt it on April 4, 2006. The trial court expressly held on the basis of Rieger v. Rieger, 9th Dist. No. 02CA008035, 2002-Ohio-6991, that no child support order existed and that CSEA therefore had no jurisdiction to review or modify child support. CSEA appealed from that order, raising one assignment of error in its brief. None of the other parties to this case have filed briefs.
II.
Assignment of Error
 "THE TRIAL COURT ERRED WHEN IT DECLINED TO ADOPT THE RECOMMENDATIONS OF CSEA REGARDING THE MODIFICATION OF CHILD SUPPORT." {¶ 6} CSEA contends that the trial court's order of March 13, 1995 included a support order, albeit a support order for zero dollars. CSEA correctly notes that an order for zero dollars is a support order and that pursuant to R.C. 3119.60 to R.C. 3119.63, CSEA has jurisdiction to review and recommend modifications to any support order, including one for zero dollars. Rodriguez v.Rodriguez (May 2, 2001), 9th Dist. No. 00CA007699, at *4. At issue, then, is whether the words "[a]ny order of support shall be held in abeyance until further order of Court," as used in the March 13, 1995 order, was a support order. If so, the trial court erred as a matter of law in determining that CSEA was without jurisdiction to recommend modifications.
 {¶ 7} After Rodriguez, this Court also determined that a child support order for zero dollars existed where a divorce decree incorporated a shared parenting plan and a child support computation worksheet, but the decree provided — pursuant to the parties' agreement — that the parties would not pay any child support. Fields v. Fields, 9th Dist. No. 04CA0018-M,2005-Ohio-471, at ¶ 12-14. Where the trial court specifically provided in a divorce decree that there would be no child support order, however, we held that no such order existed and that R.C.3119.60 to R.C. 3119.63 did not give CSEA authority to create a child support order. Rieger at ¶ 12-13. Clearly, where the court has specifically ordered that no child support order exists or where the court remains entirely silent as to the existence of a child support order, there is no child support order, and CSEA has no jurisdiction.
 {¶ 8} In this case, we believe that a support order does exist and that CSEA did have jurisdiction to recommend modifications to the trial court. The term "abeyance" is typically defined as "[t]emporary inactivity" or "suspension." Black's Law Dictionary (8 Ed. 2004) 4. The trial court in this case neither ignored the matter of child support nor expressly refused to issue a child support order. It is clear that the parties contemplated the issue of child support and that the court addressed the matter by holding the matter in abeyance. Indeed, it is only possible to hold an order in abeyance if it exists.
 {¶ 9} It is noteworthy that this understanding of the word "abeyance" is in conformity with the use of the term in the original divorce decree. Although the original decree also stated that child support would be held in abeyance, the trial court more clearly indicated in that instance that a support order did exist, ordering Defendant to report periodically to CSEA. If the term is to be used consistently between the two orders, it must be compatible with the existence of a support order.
 {¶ 10} Finally, we note that the trial court ordered Plaintiff to remain in contact with CSEA and to notify CSEA of any changes in employment, residence, or source of income. This, taken with the unmodified portion of the child support provision in the court's March 13, 1995 order, clearly indicates that a support order was put in place at the time of that order, even though no dollar amounts or dates were specified. Because a child support order does exist, CSEA has jurisdiction to recommend modifications to the trial court. CSEA's assignment of error is sustained.
 III. {¶ 11} Appellant's sole assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Slaby, P.J. Whitmore, J. Concur.