[Cite as *J.M. v. L.M.*, 2018-Ohio-3417.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | | |

J. M.

      Appellant/Cross-Appellee

      v.

L. M.

      Appellee/Cross-Appellant

C.A. No.     17CA011126

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    10-DU-072753

DECISION AND JOURNAL ENTRY

Dated: August 27, 2018

HENSAL, Judge.

{¶1}    J.M. ("Husband") appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, modifying the child-support order. L.M. ("Wife") has filed a cross-appeal from that same judgment. For the reasons set forth below, this Court affirms in part, reverses in part, and remands the matter for further proceedings consistent with this decision.

I.

{¶2}    We begin by noting that this case includes a total of ten assignments of error and has a lengthy factual background. Our recitation of the facts, however, is limited to those that are relevant to this Court's disposition of the appeal. Husband and Wife married in 1995, had two children during their marriage, and then divorced in 2011. Husband is the now-retired Chairman of the Board of Bendix Commercial Vehicle Systems LLC, where he earned an income in excess of $1,000,000 after the divorce, and Wife works part-time as a secretary,

earning about $12,000 per year. There is no dispute that, despite Husband's high income, the parties enjoyed a relatively modest standard of living during their marriage.

{¶3} As part of their divorce, the parties entered into a Separation and Property Settlement Agreement (the "Settlement Agreement"), as well as a Shared Parenting Plan. Wife was designated the residential parent for school purposes, and has continued to live in the marital home since the divorce. Under the Settlement Agreement, Husband was ordered, in part, to: (1) pay Wife child support in the amount of $1,913.00 per month until each child turned 18 and completed (or abandoned) a high school education; (2) pay Wife $12,500 per month in spousal support for 48 consecutive months; (3) pay Wife $61,000 in spousal support on the first day of April in the years 2012, 2013, 2014, and 2015; (4) pay Wife a lump sum payment of $87,250 at the time of signing the Settlement Agreement; and (5) assume all of the expenses for the children's parochial school education, extracurricular activities, and medical needs after the period of spousal support ended. The Settlement Agreement provided that, per the parties' agreement, any spousal support Wife received in the fourth year (i.e., 2015) would not be considered for purposes of calculating child support.

{¶4} The Settlement Agreement also required Husband to assign Wife an interest in his Bendix Defined Benefit Pension Plan and his Bendix Non-Qualified Pension Plan. Furthermore, the Settlement Agreement acknowledged that Wife had an interest in Husband's Bendix Supplemental Savings Plan ("BSSP"), monies from which Wife began receiving in 2015, and which she will continue to receive until she reaches age 59½. The parties disputed below, and continue to dispute on appeal, whether the monies Wife receives from the BSSP constitute income for purposes of calculating child support.

{¶5}   In July 2014, Wife moved to modify the child-support order on the basis that her spousal support was ending.  The parties engaged in discovery and a magistrate held a hearing on the matter.  At the hearing, Wife testified that she was seeking $8,000 in child support because that is the amount necessary to maintain the marital home and the needs and lifestyle of the children.  She testified that that amount has been the same since prior to the parties' divorce.  Husband, on the other hand, argued that the needs and lifestyle of the children were being met under the original child-support order and, therefore, that a modification was not warranted.

{¶6}   Following the hearing, the magistrate granted Wife's motion.  In doing so, the magistrate conducted a two-step analysis.  First, the magistrate examined whether a change in circumstances had occurred under Revised Code Section 3119.79(A).  The magistrate found that Husband experienced an increase in income after the divorce, which resulted in a greater than 10% differential between the original child-support order and the re-calculated amount, thereby constituting a change in circumstances for purposes of Section 3119.79(A).  Second, because the parties' combined gross income exceeded $150,000, the magistrate examined the children's standard of living as required under Section 3119.04(B).  The magistrate determined that it could be "presumed" that the children would have benefited from Husband's increase in income had the parties remained married.  The magistrate, therefore, concluded that it would be unjust and inappropriate not to modify the child-support order because the original order resulted in the children not being able to enjoy the same standard of living that they would have enjoyed had the marriage continued.  In examining the parties' respective incomes, the magistrate did not consider the monies Wife receives from the BSSP as income.

{¶7}   The magistrate ultimately ordered Husband to pay approximately $8,000 per month in child support for both children and, following the emancipation of the older child,

approximately $6,000 per month. The magistrate also ordered Husband to pay all of Wife's attorney's fees (totaling $30,198.93) given the disparity of income between the parties, and Husband's conduct during the proceedings. Regarding Husband's conduct, the magistrate found that, instead of using his substantial income to fund the protracted litigation, Husband could have used that money to settle the matter.

{¶8} Husband filed objections to the magistrate's decision, and the trial court held a hearing on those objections. Following the hearing, the trial court issued a journal entry that adopted in part, and modified in part, the magistrate's decision. Relevantly, the trial court adopted the magistrate's award of $8,000 in child support for both children, reduced the child-support award to $4,000 following the emancipation of the older child, and reduced the attorney's fees award by approximately one-half.

{¶9} In adopting the magistrate's decision as it relates to the increase in child support for the two children, the trial court, like the magistrate, conducted a two-step analysis. First, it found that Husband's increase in income after the divorce constituted a change in circumstances. Second, it found that "[t]he wife and children's standard of living has remained as it did during the marriage: wife and children live in the same home, attend the same schools, and engage in the same activities[,]" but then found that the children "[c]ertainly" would have enjoyed Husband's increase in income had the parties remained married.

{¶10} In reducing the attorney's fees award by one-half, the trial court found that Wife had sufficient income between her salary as a part-time secretary and the monies she receives through the BSSP to pay for her own attorney's fees. Contrary to the magistrate's decision, however, the trial court found that neither party engaged in inappropriate conduct that caused protracted litigation. But, given the disparity of income between the parties, the trial court found

that it was equitable to require Husband to pay approximately one-half of Wife's attorney's fees (totaling $16,600.00).

{¶11} Husband has appealed the trial court's decision, raising seven assignments of error. Wife has filed a cross-appeal, raising three assignments of error. For ease of consideration, we have rearranged and combined some of the assignments of error.

II.

HUSBAND'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION BY AWARDING [WIFE] AN INCREASE IN CHILD SUPPORT BASED UPON THE TRIAL COURT'S MISINTERPRETATION AND MISAPPLICATION OF OHIO'S APPLICABLE CHILD SUPPORT STATUTE AND RELEVANT CASE LAW, AND ITS DETERMINATION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

HUSBAND'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FINDING THAT AN INCREASE IN INCOME, ALONE, CONSTITUTED A CHANGE IN CIRCUMSTANCES SUFFICIENT TO WARRANT A MODIFICATION OF CHILD SUPPORT WHEN THE PARTIES' COLLECTIVE INCOME EXCEEDED $150,000.

{¶12} In his first and second assignments of error, Husband argues that the trial court erred in its application of the relevant child-support statutes, and, relatedly, by determining that his increase in income alone warranted the modification of the child-support order. For the reasons that follow, we agree.

{¶13} Section 3119.79(A) provides that, if a party requests a modification of the child-support order, "the court shall recalculate the amount of support that would be required to be paid under the child support order in accordance with the schedule and the applicable worksheet * * *." If the recalculated amount is greater than 10% of the existing child-support order, that deviation "shall be considered by the court as a change of circumstance substantial enough to

require a modification of the child support amount." *Id.* A determination in this regard, however, does not end the analysis. Rather, if the parties' combined gross income exceeds $150,000, the court must "determine the amount of the obligor's child support obligation on a case-by-case basis and *shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents*." (Emphasis added.) R.C. 3119.04(B); *Bettinger v. Bettinger*, 9th Dist. Summit No. 22621, 2005-Ohio-5389, ¶ 8-9 (applying Sections 3119.79(A) and 3119.04(B)). In those cases, "the appropriate standard for the amount of child support is 'that amount necessary to maintain for the children the standard of living they would have enjoyed had the marriage continued.'" *Berthelot v. Berthelot*, 154 Ohio App.3d 101, 2003-Ohio-4519, ¶ 24 (9th Dist.), quoting *Birath v. Birath*, 53 Ohio App.3d 31, 37 (10th Dist.1988). "The court must be careful, however, to consider only how the child *would* have lived had the parents remained together, not how the child *could* have lived." (Emphasis original.) *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 103549, 2016-Ohio-5514, ¶ 19. "This determination is within the discretion of the trial court, and we review it for an abuse of that discretion." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 6.

{¶14} Here, Husband argues that his increase in income was contemplated at the time of the divorce, and that the parties' Settlement Agreement included a lump sum payment of $87,250 to account for that fact. He, therefore, argues that his increase in income after the divorce did not constitute a substantial change in circumstances. Additionally, he argues that an increase in income alone does not automatically warrant an increase in child support, and that the trial court erred by modifying the child-support order since the original child-support order met the needs of the children and allowed Wife and the children to continue to enjoy the same standard of living that they enjoyed before the divorce. Husband argues that the trial court's

determination in this regard was based upon two incorrect conclusions: (1) that the parties stipulated that it costs Wife $8,000 to maintain the marital home, as well as the needs and lifestyle of the children; and (2) that the children would have enjoyed the increase in Husband's income had the parties remained married. He asserts that the $8,000 includes spousal support that is being disguised as child support, and that, while he earns more money now than he did during the parties' marriage, the record reflects that his lifestyle has not changed.

{¶15} In response, Wife argues that the lump sum payment of $87,250 did not prohibit her from seeking a modification of the child-support order, and that Husband is attempting to assert that the parties entered into a structured settlement, which – she argues – they did not. She also argues that the original child-support order did not provide the parties' children with the elevated standard of living that Husband now enjoys, and that they would have enjoyed had the parties remained married. In support of this position, Wife asserts that Husband has doubled his net worth since their divorce, and that he now enjoys membership to a country club, a larger home, and frequent vacations.

{¶16} As previously noted, the trial court determined that Husband's increase in income constituted a change in circumstances that was not contemplated at the time of the divorce for purposes of Section 3119.79(A). Even accepting that as true, we cannot say that the trial court acted within its discretion when it modified the child-support order in this case. While the trial court found that "[t]he wife and children's standard of living has remained the same[,]" nowhere in its order does it indicate that Husband, or his new family, now enjoys an elevated standard of living. In fact, Wife testified that the amount necessary to maintain the marital home and the needs and lifestyle of the children (i.e., $8,000) has remained unchanged since prior to the parties' divorce. Nonetheless, the trial court determined that the children "[c]ertainly * * *

would have enjoyed [Husband's] increase in income had the parties continued to be married[,]" and that the increase in child support "pales in comparison to [Husband's] significant increase in income."

{¶17} Whether an obligor can afford to make higher child-support payments, however, is not the standard for purposes of determining whether an increase in child-support payments is warranted. *See* R.C. 3119.04(B). Because the trial court based its decision on Husband's increase in income without any determination that the children's needs and standard of living were not being met under the original order, and because such an analysis is statutorily required, we hold that the trial court abused its discretion when it modified the child-support order. *See id.* (stating that a trial court "shall consider the needs and the standard of living of the children who are the subject of the child support order and of the parents."). Husband's first and second assignments of error are sustained on that basis, and we remand the matter for the trial court to apply the appropriate analysis.

HUSBAND'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY AWARDING A CHILD SUPPORT OBLIGATION THAT COMPLETELY IGNORES AND ELIMINATES [WIFE'S] COMMON LAW DUTY TO SUPPORT.

HUSBAND'S ASSIGNMENT OF ERROR IV

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY FAILING TO CONSIDER THE DIRECT PAYMENT OF FULL TUITION, ACTIVITY AND MEDICAL EXPENSES AS PART OF [HUSBAND'S] CHILD SUPPORT OBLIGATION.

HUSBAND'S ASSIGNMENT OF ERROR V

THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING A CHILD SUPPORT OBLIGATION THAT EFFECTIVELY INCLUDES DISGUISED, TAX-FREE SPOUSAL SUPPORT.

HUSBAND'S ASSIGNMENT OF ERROR VI

THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW BY ARBITRARILY IGNORING THE EXPERT TESTIMONY OF ROBERT A. RANALLO, CPA/ABV, JD, CVA, CFF.

{¶18} In his third assignment of error, Husband argues that the trial court erred by ignoring Wife's common-law duty to support when it modified the child-support order. In his fourth assignment of error, Husband argues that the trial court erred by modifying the child-support order without considering the fact that he pays for the children's school tuition, activities, and medical expenses. In his fifth assignment of error, Husband argues that the trial court erred by awarding a child-support obligation that effectively includes disguised, tax-free spousal support. In light of this Court's disposition of Husband's first and second assignments of error, we decline to address Husband's third, fourth, and fifth assignments of error.

{¶19} In his sixth assignment of error, Husband argues that the trial court erred by arbitrarily disregarding his expert's testimony without providing any objective reason for doing so. Given this Court's disposition of Husband's first and second assignments of error, we decline to address this assignment of error because it is premature at this time.

WIFE'S ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CONSIDERING FUNDS THAT WERE PROVIDED FOR [WIFE'S] RETIREMENT AS INCOME FOR CHILD SUPPORT PURPOSES.

{¶20} In her first assignment of error, Wife argues that the trial court erred by treating the monies she now receives from the BSSP, which were intended for her retirement, as income for purposes of calculating Husband's child-support obligation. She argues that these funds were part of a division of marital property, which are rolled over into a retirement account, that she has never treated as income. She also argues that the trial court's decision in this regard violated

the parol evidence rule because the trial court considered evidence outside of the parties' Settlement Agreement.

{¶21} "[T]his Court reviews a trial court's * * * gross income determination for an abuse of discretion." *Hahn v. Hahn*, 9th Dist. Medina No. 11CA0064-M, 2012-Ohio-2001, ¶ 28. Revised Code Section 3119.01(C)(12) defines "[g]ross income" as follows:

> the total of all earned and unearned income from all sources during a calendar year, whether or not the income is taxable, and includes income from salaries, wages, overtime pay, and bonuses to the extent described in division (D) of section 3119.05 of the Revised Code; commissions; royalties; tips; rents; dividends; severance pay; pensions; interest; trust income; annuities; social security benefits, including retirement, disability, and survivor benefits that are not means-tested; workers' compensation benefits; unemployment insurance benefits; disability insurance benefits; benefits that are not means-tested and that are received by and in the possession of the veteran who is the beneficiary for any service-connected disability under a program or law administered by the United States department of veterans' affairs or veterans' administration; spousal support actually received; and all other sources of income.

This definition is "extremely broad" and "has been interpreted to include income generated in IRA accounts and other retirement accounts[.]" *Buttolph v. Buttolph*, 9th Dist. Wayne No. 09CA0003, 2009-Ohio-6909, ¶ 19; *Stamm v. Stamm*, 6th Dist. Fulton No. F-08-009, 2009-Ohio-4924, ¶ 20; *Albertson v. Ryder*, 11th Dist. Lake No. 91-L-103, 1992 Ohio App. LEXIS 3424, *9 (June 30, 1992) (holding that a trial court may consider interest from an IRA and employee savings plans when calculating gross income). Thus, even if we accept Wife's argument that she intended to use the monies from the BSSP for her retirement, they would still fall under the statutory definition of gross income. There is no dispute that the BSSP is in pay-out status, and that Wife has received – and will continue to receive – monies from the BSSP until she is 59½ years old. We, therefore, cannot say that the trial court abused its discretion when it included the monies Wife receives from the BSSP when calculating her income. *McQuinn v. McQuinn*, 110 Ohio App.3d 296, 301 (12th Dist.1996) (holding that, when a pension is in pay-out status and a

party is receiving payments, a trial court must consider those payments when calculating that party's gross income).

{¶22} To the extent that Wife argues that the trial court erred by relying upon parol evidence to reach this conclusion, we find her argument unpersuasive. Her argument in this regard focuses on the fact that the Settlement Agreement characterizes the BSSP as a property division, yet Husband testified that the BSSP was part of a structured settlement intended to provide Wife with a stream of income after the spousal-support payments ended. Simply characterizing something as a property division, however, does not preclude a trial court from analyzing whether monies received therefrom are part of a party's gross income for purposes of calculating child support. Regardless of the testimony presented regarding the parties' intent with respect to the BSSP, the fact remains that Wife receives monies from the BSSP, which are part of Wife's "gross income" under Section 3119.01(C)(12).

{¶23} In light of the foregoing, Wife's first assignment of error is overruled.

HUSBAND'S ASSIGNMENT OF ERROR VII

THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING [HUSBAND] TO PAY $16,600 TOWARD [WIFE'S] ATTORNEY FEES.

WIFE'S ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY AWARDING [WIFE] HALF OF HER ATTORNEY FEES IN THE AMOUNT OF $16,600 RATHER THAN THE FULL AMOUNT OF $30,198.93 WHEN THE *WILDER* FACTORS SUPPORT AN AWARD OF FULL FEES.

{¶24} Husband's seventh assignment of error and Wife's third assignment of error challenge the trial court's award of attorney's fees. For ease of consideration, we will address Wife's arguments first.

**{¶25}** "In any post-decree motion or proceeding that arises out of an action for divorce * * * the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable." R.C. 3105.73(B). "In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate[.] *Id.* "Because R.C. 3105.73(B) gives a trial court broad discretion to award attorney's fees, we review such an award for an abuse of discretion." *Bajzer v. Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, ¶ 16.

**{¶26}** Here, the trial court disagreed with the magistrate's determination that Husband's conduct resulted in protracted litigation. The trial court further found that, while Wife could afford to pay her own attorney's fees, requiring her to do so would be inequitable given the disparity of income between the parties.

**{¶27}** In her third assignment of error, Wife argues that the trial court erred by not ordering Husband to pay all of her attorney's fees. She argues that the trial court's decision in the regard was premised upon two incorrect notions: (1) that neither party engaged in inappropriate conduct that caused protracted litigation; and (2) that the funds allocated for her retirement were part of her income.

**{¶28}** Regarding Husband's conduct, Wife argues that Husband protracted the litigation when he provided her with an expert report one week prior to trial, which necessitated a continuance of the trial. In response, Husband argues that, had Wife's counsel corresponded with Wife's prior counsel (who withdrew from the matter in 2015), Wife's counsel would have known that Husband provided the expert report within the deadline set by the trial court. Regardless, we cannot say that a trial court abuses it discretion when it determines that a party that files an expert report one week before trial does not protract the litigation so as to warrant

that party paying all of the opposing party's attorney's fees. Further, to the extent that Wife argues that Husband protracted the litigation because he did not settle the matter despite having the financial ability to do so, we reject that argument outright because a litigant cannot be forced to settle a case simply because he can afford to do so. *See* Ohio Constitution, Article I, Section 16 (stating that all persons "shall have remedy by due course of law[.]").

{¶29} Regarding her income, Wife argues that the trial court erred by considering the monies she receives from the BSSP as income, and then using that amount when determining the attorney's fees award. Consistent with this Court's disposition of Wife's first assignment of error, we reject this argument.

{¶30} Having determined that the trial court did not err by not awarding Wife all of her attorney's fees, we now turn to Husband's assignment of error. In his seventh assignment of error, Husband argues that the trial court erred by ordering him to pay $16,600 toward Wife's attorney's fees. In support of his argument, Husband cites the trial court's order wherein it found that Wife could pay her own attorney's fees and still maintain the needs of the children, and that neither party engaged in conduct that caused an undue delay. Husband, therefore, argues that the trial court abused its discretion by ordering him to pay for a portion of Wife's attorney's fees even though the facts indicate that she had enough income to pay them herself.

{¶31} Section 3105.73(B) "permits a trial court to consider the parties' incomes in determining an equitable attorney's fees award, and doing so based on a disparity in income * * * is not an abuse of discretion." *Bajzer*, 9th Dist. Summit No. 25635, 2012-Ohio-252, at ¶ 17. There is no dispute that Husband earns a substantially higher income than Wife. Even though Wife can afford to pay her own attorney's fees, we cannot say that – given the disparity in

income – the trial court abused its discretion when it ordered Husband to pay approximately one-half of Wife's attorney's fees.

{¶32} In light of the foregoing, Wife's third assignment of error is overruled, and Husband's seventh assignment of error is overruled.

WIFE'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY CUTTING [WIFE'S] CHILD SUPPORT AWARD IN HALF UPON THE EMANCIPATION OF ONE OF THEIR TWO MINOR CHILDREN.

{¶33} In her second assignment of error, Wife argues that the trial court erred by reducing the amount of the child-support award by one-half upon the emancipation of one of their minor children. In light of this Court's disposition of Husband's first and second assignments of error, Wife's third assignment of error is premature at this time and we, therefore, decline to address it.

III.

{¶34} Husband's first and second assignments of error are sustained. We decline to address Husband's third, fourth, fifth, and sixth assignments of error. Husband's seventh assignment of error is overruled. Wife's first and third assignments of error are overruled. We decline to address Wife's second assignment of error. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division is affirmed in part, reversed in part, and the cause is remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

JAMES R. SKIRBUNT, SHARON A. SKIRBUNT and KYLEIGH A. WEINFURTNER, Attorneys at Law, for Appellant/Cross-Appellee.

STEPHEN E. S. DARAY, Attorney at Law, for Appellee/Cross-Appellant.