[Cite as *Mistysyn v. Lynch*, 2019-Ohio-903.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

ALLEN MISTYSYN

    Appellant

    v.

WENDY LYNCH

    Appellee

C.A. No.    18CA011317

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14DU078515

DECISION AND JOURNAL ENTRY

Dated: March 18, 2019

HENSAL, Judge.

{¶1}    Allen Mistysyn appeals a judgment of the Lorain County Court of Common Pleas that modified his child support obligation. For the following reasons, this Court reverses.

I.

{¶2}    Mr. Mistysyn and Wendy Lynch divorced in March 2015 after 19 years of marriage. They have two children, one who was born in 2000 and the other in 2002. Mother retained the marital home, which was worth $360,000, after buying out Father's interest in it. She also bought out his partial interest in a vacation home that she owned. The parties also divided approximately ten million dollars in assets they had acquired during the marriage. Father agreed to pay Mother $8,000 a month in spousal support for 39 months and $1,250 per child in child support.

{¶3}    At the time of the divorce, Father earned a base salary of $350,000. He could also earn stock options and bonuses depending on the profitability of his employer. In January 2017,

he became the chief financial officer of the company. His base salary increased to $600,000, and the amount of bonuses and stock options he could receive also increased. Following his promotion, Mother moved for modification of the child support order. Following a hearing to a magistrate, the magistrate found that there had been enough of a change in circumstances to reconsider the child support award. She increased Father's obligation to $10,000 a month. The trial court adopted the magistrate's decision. Father objected, but the court overruled his objections. Father has appealed the trial court's judgment, assigning four errors. We have rearranged and combined some of the assignments of error for ease of disposition.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT'S JUDGMENT OF APRIL 9, 2018 IS NOT A FINAL APPEALABLE JUDGMENT.

{¶4}    On April 9, 2018, the trial court entered a journal entry that denied Father's objections to the magistrate's decision. Although Father has appealed the entry, he argues in his first assignment of error that it was not final and appealable because it did not include language required under Civil Rule 53(D)(4)(e)(i).

{¶5}    "In cases referred to a magistrate, the determination of appellate court jurisdiction is complicated * * *." *Harkai v. Scherba Indus. Inc.*, 136 Ohio App.3d 211, 219 (9th Dist.2000). "[We] must differentiate between those requirements that affect appellate court jurisdiction, that is, entry of a judgment setting forth relief, and those that impose procedural requirements on the trial court, such as adoption of a magistrate's decision." *Id*. at 219-220. "In the first instance, the absence of a final order or judgment precludes appellate review. In the second instance, provided there has been a final order or judgment entered, the filing of a notice of appeal in compliance with the appellate rules vests jurisdiction in the appellate court." *Id*. at 220.

{¶6}    Civil Rule 53(D)(4)(d) provides that, "[i]f one or more objections to a magistrate's decision are timely filed, the court shall rule on those objections."  Civil Rule 53(D)(4)(e)(i) provides that, "[i]f the court enters a judgment during the fourteen days * * * for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered."

{¶7}    The magistrate entered her decision on September 14, 2017.  That same day, the trial court entered a judgment that adopted the findings and conclusions of the magistrate and modified the child support order.  Father objected to the magistrate's decision within fourteen days and later supplemented his objections.  On April 9, 2018, the trial court overruled Father's objections.  Father argues that its entry is not appealable because the court did not indicate it was "adher[ing]" to its judgment under Rule 53(D)(4)(e)(i).  In *Miller v. Miller*, 9th Dist. Medina No. 10CA0034-M, 2011-Ohio-4299, however, this Court recognized that, in light of amendments to Appellate Rule 4(B)(2), a trial court's failure to strictly comply with Rule 53 is not a jurisdictional defect.  *Id*. at ¶ 18.  It explained that parties may still attempt to establish that a court's failure to comply with Rule 53 was reversible error.  *Id*.  Because Father's argument is concerned only with this Court's jurisdiction, we conclude that it is without merit.  Father's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADOPTED THE DECISION OF THE MAGISTRATE ORDERING A FIVE-FOLD INCREASE IN CHILD SUPPORT, WITHOUT ANY EVIDENCE THAT THE CHILDREN WERE NOT LIVING AT THE SAME STANDARD OF LIVING THEY WOULD HAVE ENJOYED HAD THE MARRIAGE CONTINUED.

ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT ADOP[T]ED THE DECISION OF THE MAGISTRATE INCREASING THE CHILD SUPPORT FROM $1,250.00 PER MONTH PER CHILD, TO $10,000.00 PER MONTH[,] WHERE THE INCREASED AMOUNT WAS UNREASONABLE.

{¶8} In his third and fourth assignments of error, Father argues that the trial court abused its discretion when it modified the child support order. This Court reviews the modification of a child support order for an abuse of discretion. *Hill v. Hill*, 9th Dist. Summit No. 27915, 2016-Ohio-910, ¶ 10. An abuse of discretion implies that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶9} A court may not modify a child support order unless there has been a substantial change in circumstances. *Trombley v. Trombley*, 9th Dist. Medina No. 17CA0012-M, 2018-Ohio-1880, ¶ 8. Father does not contest the trial court's determination that the increase in his income following his promotion to chief financial officer constituted a substantial change in circumstances. He argues, however, that the court should not have modified the support order because there was no change in the standard of living the children would have enjoyed if the marriage had continued. He also argues that the amount of the increase was excessive.

{¶10} If the parties' combined gross income exceeds $150,000, a court determines the obligor's child support obligation on a case-by-case basis considering "the needs and the standard of living of the children who are the subject of the child support order and of the parents." *J.M. v. L.M.*, 9th Dist. Lorain No. 17CA011126, 2018-Ohio-3417, ¶ 13, quoting R.C. 3119.04(B). The appropriate amount of support is the amount required to supply the children with the same standard of living that they would have enjoyed if the marriage had continued. *Id*.

The court must only consider how the children would have lived, not how they could have lived. *Id.*

{¶11} Regarding the standard of living of the parties' children, the magistrate found that the children were living in the same house as they had during the marriage, which was worth $360,000. Father, on the other hand, had remarried and had purchased a house worth $1,125,000 with his new spouse. The magistrate found that, if the marriage had continued, the children would be living in that house instead of visiting it every other weekend. She also found that the income coming into Father's household was many times greater than the income coming into Mother's household. She found that any suggestion that the children's lives had remained the same was "not true." Instead, she found that the lifestyle of the children was less than it would have been if the parties had remained married. The magistrate determined that the children could not enjoy the lifestyle they would have had on the current level of support. She also reasoned that Mother should not be required to spend down her assets just to allow the children to enjoy that lifestyle. The trial court adopted the magistrate's findings as its own.

{¶12} Mother testified on direct examination that she lives within her budget, meaning that she cannot afford a country club membership or tickets to events. She testified that, although she takes the children on vacation, they stay at average hotels. She testified that she cannot afford to put a pool in at her house, but the children could swim at the city pool. She testified that she and the children live in a middle-class house that has 3,000 square feet. She had considered moving, but the children wanted to stay in the home.

{¶13} On cross-examination, Mother acknowledged that she owns a second home that she recently rebuilt for $700,000. She also acknowledged that she has an adjusted gross income of $540,000. She testified that it was becoming harder to provide for the children's needs despite

her child and spousal support because she needs to make sure her money lasts 40 years. Because the children live mostly with her, she ends up paying their day-to-day expenses and entertainment costs, as well as for the older child's car insurance and gasoline. She admitted that she can afford to stay at more expensive hotels on vacation but had chosen not to in order to save money. When asked what had changed in the children's lifestyle since 2015, Mother answered that their transportation costs had increased because they must go back and forth to Father's house. She also testified that, because the children were older, they had new school and social activities available to them. Mother testified that the children had not asked for more expensive things since Father's promotion, explaining that they probably did not realize that Father can afford it since they do not discuss financial matters with the children. She explained that she planned to continue buying the children's clothes at the same stores as she always has.

{¶14} Father testified that he purchased his new home in 2015, which was the same year as the parties' divorce. He did not become the chief financial officer of his company until January 2017. He testified that he had joined a country club, but it was also in 2015. He testified that, when the children are with him, he lets them decide what they want to do. They might hang out by the pool at his house, go to dinner, or go to a movie. He testified that he also took them to Cedar Point using the season passes Mother had purchased for them. Father could not think of any way in which the children's lifestyle had changed since his promotion. Regarding future expenses, he testified that, if the children's college expenses exceeded the amount the parties had set aside during the marriage, he would make up the difference and, if their expenses were less, he would pay them the leftover amount.

{¶15} We note that the lifestyle changes that the trial court relied on to support its decision occurred more than a year before Father's promotion. The trial court did not

acknowledge that fact in its decision. Although citing the fact that Father built a pool at his house, it excluded any mention of Mother's vacation home. There is nothing in the record that suggests that the lifestyle that the children have experienced when they are with Father has changed following his promotion. They have purchased similar clothing, taken similar vacations, and engaged in similar activities together.

{¶16} According to an exhibit submitted by Mother, she spends $1,650 a month in direct costs for the children. She calculated that, if she adds two-thirds of her total household expenses to that sum, it rises to $5,227 a month. The trial court did not provide any explanation for why Father's new child support obligation should be nearly twice that amount. Accordingly, upon review of the record, we conclude that the trial court's modification of the child support award was unreasonable and arbitrary. Father's third and fourth assignments of error are sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT APPROVED AND ADOPTED THE MAGISTRATE'S DECISION AND THE CHILD SUPPORT CALCULATION WORKSHEET, WHERE THE DECISION AND THE WORKSHEET WERE BASED ON PROSPECTIVE, POSSIBLE INCOME FOR FATHER.

{¶17} In his second assignment of error, Father argues that the magistrate and trial court miscalculated his income. In light of this Court's resolution of Father's third and fourth assignments of error, we conclude that this argument is moot based on the facts of this case. We, therefore, decline to address Father's argument. App.R. 12(A)(1)(c).

III.

{¶18} Father's first assignment of error is overruled. His third and fourth assignments of error are sustained. We decline to address his second assignment of error because it is moot.

The judgment of the Lorain County Court of Common Pleas is reversed, and this matter is remanded for proceedings consistent with this decision.

Judgment reversed,<br>
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHN S. HAYNES, Attorney at Law, for Appellant.

ELIZABETH A. THOMARIOS, Attorney at Law, for Appellee.